ROSE RUMBER et al., Plaintiffs, v. DISTRICT OF COLUMBIA et al., Defendants.

Civil Action No.: 04-1170 (RMU), Document No.: 33

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

2005 U.S. Dist. LEXIS 33360

December 12, 2005, Decided

**PRIOR HISTORY:** *Rumber v. District of Columbia,* 2005 U.S. Dist. LEXIS 16935 (D.D.C., July 14, 2005)

**COUNSEL:** [*1] For ROSE RUMBER, JOSEPH RUMBER, MARION FLETCHER, GRAHAM FIELDS, VERNA FIELDS, BOUBAKER BEN SALAH, MUNEER CHOUDHURY, PETER DESILVA, QUVAL LE, MOON KIM, DUK HEA OH, IN SUK BAIK, MUKHTAR AHMADI, SAMUEL FRANCO, SON CHA KANG, INGAK LEE, HARTEJ SINGH, LING CHEN, Plaintiffs: Elaine J. Mittleman, LAW OFFICE OF ELAINE J. MITTLEMAN, Falls Church, VA.

For DISTRICT OF COLUMBIA, Defendant: Richard Gaspare Amato, AARON M. LEVINE & ASSOCIATES, Washington, DC.

For NATIONAL CAPITAL REVITALIZATION CORPORATION, Defendant: Paul J. Kiernan, HOLLAND & KNIGHT LLP, Washington, DC.

**JUDGES:** RICARDO M. URBINA, United States District Judge.

**OPINIONBY:** RICARDO M. URBINA

**OPINION:**

**MEMORANDUM OPINION**

**GRANTING THE DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**

This matter comes before the court on the defendants' motion to dismiss. The plaintiffs, owners and tenants of properties known as the "Skyland Area," contend that legislation authorizing the defendants, the District of Columbia ("D.C.") and the National Capital Revitalization Corporation ("NCRC"), to exercise eminent domain over their property is unconstitutional and that the defendants are therefore unauthorized to take such action. The defendants assert [*2] that they have not yet taken any property from the plaintiffs and have filed a motion to dismiss on the grounds that the plaintiffs' claims are not ripe. Because the court concludes that the plaintiff's claims are not ripe, the court lacks subject-matter jurisdiction over this case. For this reason, the court grants the defendants' motion to dismiss.

**II. BACKGROUND** n1

n1 The court's Memorandum Opinion dated May 31, 2005 contains a more detailed discussion of the factual and procedural background.

Beginning in 2004, D.C. enacted a series of bills pertaining to the eminent domain power of the NCRC with regard to the Skyland Shopping Center area in Southeast, D.C. 3d Am. Compl. PP2-4. This legislation authorizes the NCRC to acquire property by eminent domain, when such action has been approved by at least two-thirds of the D.C. Council, to assist the NCRC in achieving revitalization goals. *D.C. Official Code § 2-1219.19*. On April 5, 2005, the D.C. Council approved the National Capital Revitalization Corporation [*3] Eminent Domain Clarification and Skyland Eminent Domain Approval Amendment Act of 2004 ("Skyland Act"), D.C. Legisl. 15-286 (Act 15-679). With the passage of this bill, the NCRC is authorized to exercise eminent domain power to acquire and redevelop the Skyland Shopping Center. 3d Am. Compl. P3.

On July 13, 2004, the plaintiffs brought suit to enjoin the defendants from commencing eminent domain proceedings. *See generally* Compl. Three amended complaints later, the plaintiffs seek a declaratory judgment that the legislation constitutes an unlawful taking of their property in violation of the *Fifth Amendment's* takings and equal protection provisions, 3d Am. Compl. PP104-138, and that the D.C. Council acted beyond its authority in passing the legislation, 3d Am. Compl. PP139-141. On June 15, 2005, the defendants filed a motion to dismiss the plaintiffs' third amended complaint on the grounds that, *inter alia*, the plaintiffs' claims are not ripe. Defs.' Mem. of P. & A. in Supp. of

Mot. to Dismiss 3d Am. Compl. ("Defs.' Mot. to Dismiss") at 1-2. The defendants assert that because they have not yet exercised eminent domain power, none of the plaintiffs' rights have been violated. [*4] *Id*. The court now turns to the defendants' motion.

### III. ANALYSIS

#### A. Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)*; *St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)*; *see also GMC v. EPA, 363 F.3d 442, 448 (D.C. Cir. 2004)* (noting that "as a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. Dist. of Columbia, 358 U.S. App. D.C. 56, 339 F.3d 970, 971 (D.C. Cir. 2003)* (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982))*. On a motion to dismiss for lack of subject-matter jurisdiction pursuant to *Rule 12(b)(1)*, [*5] the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)*. The court may dismiss a complaint for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Empagran S.A. v. F. Hoffman-Laroche, Ltd., 354 U.S. App. D.C. 257, 315 F.3d 338, 343 (D.C. Cir. 2003)* (quoting *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957))*.

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a *Rule 12(b)(1)* motion than would be required for a *Rule 12(b)(6)* motion for failure to state a claim. *Macharia v. United States, 357 U.S. App. D.C. 223, 334 F.3d 61, 64, 69 (D.C. Cir. 2003)*; *Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001)*. Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States, 251 U.S. App. D.C. 145, 782 F.2d 227, 241 (D.C. Cir. 1986),* [*6] *vacated on other grounds*, *482 U.S. 64, 107 S. Ct. 2246, 96 L. Ed. 2d 51 (1987)*. Instead, to determine whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis., 297 U.S. App. D.C. 406, 974 F.2d 192, 197 (D.C. Cir. 1992)*.

#### B. The Court Lacks Subject-Matter Jurisdiction

The plaintiffs' principle argument in challenging the implementation and enforcement of the Skyland Act is that D.C. improperly delegated eminent domain power to the NCRC by enacting unconstitutional legislation. 3d Am. Compl. P5. Therefore, the plaintiffs claim, "the enactment and execution of the [legislation] constitutes an unconstitutional taking of their property, in violation of the *Fifth Amendment of the United States Constitution*." 3d Am. Compl. P5. The defendants counter that the plaintiffs fail to show that this court has subject-matter jurisdiction because there has not yet been a taking by eminent domain and the case is therefore not yet ripe. Defs.' Mot. to Dismiss at 4-5. The court now considers the matter of ripeness to determine whether it has jurisdiction over the plaintiffs' claims.

#### 1. Legal Standard for Ripeness [*7]

Article III of the Constitution limits the jurisdiction of federal courts to cases or controversies. *U.S. CONST. ART. III, § 2, cl. 1*. The case-or-controversy requirement reflects the "common understanding of what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)*. Among the various doctrines developed by the courts to test the fitness of controversies for judicial resolution is the ripeness doctrine. *Wyoming Outdoor Council v. U.S. Forest Service, 334 U.S. App. D.C. 98, 165 F.3d 43, 48-49 (D.C. Cir. 1999)*.

The ripeness doctrine asks "whether the case has been brought at a point so early that it is not yet clear whether a real dispute to be resolved exists between the parties." 15 FED. PRAC. 3d § 101.70[2]. Reflecting both constitutional and prudential considerations, the doctrine "is designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt [*8] in a concrete way by the challenging parties." *Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 733, 118 S. Ct. 1665, 140 L. Ed. 2d 921 (1998)* (quoting *Abbott Labs. v. Gardner, 387 U.S. 136, 148-49, 87 S. Ct. 1507, 18 L. Ed. 2d 681 (1967))*; *see also Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 57 n.18, 113 S. Ct. 2485, 125 L. Ed. 2d 38 (1993)* (stating that "[the] ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction").

Toward that end, a court must examine whether a dispute is fit for judicial review and whether withholding

court consideration would cause hardship to the parties. *Ohio Forestry Ass'n, Inc, 523 U.S. at 733*; *Wyoming, 165 F.3d at 48*. To measure fitness, the court looks to "whether [the issue] is purely legal, whether consideration of the issue would benefit from a more concrete setting, and whether the agency's action is sufficiently final." *Atl. States Legal Found. v. Envtl. Prot. Agency, 355 U.S. App. D.C. 381, 325 F.3d 281, 284 (D.C. Cir. 2003)*. If a claim "rests upon contingent future events that may not occur [*9] as anticipated, or indeed may not occur at all," it is not ripe for adjudication. *Id.* As for hardship, the court looks to see whether the party can show that it will suffer injury in the interim. *Id.*

### 2. The Plaintiff's Claims are Not Ripe

Although the court has previously addressed the matter, it seems necessary to once again discuss the proper procedure for challenging a condemnation. Mem. Op., May 31, 2005, at 8-10.

### a. Procedures for Challenging a Condemnation

"Taking claims against the Federal Government are premature until the property owner has availed itself of the process provided" for just compensation. *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985)*; *see also Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1016, 104 S. Ct. 2862, 81 L. Ed. 2d 815 (1984)* (stating that "equitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking"). Indeed, if the defendants commence condemnation proceedings, the plaintiffs will then have [*10] the opportunity to raise their constitutional challenges in the state court. *JMM Corp. v. D.C., 363 U.S. App. D.C. 160, 378 F.3d 1117, 1121 (D.C. Cir. 2004)*. Put differently, the court's review of this case on *Fifth Amendment* grounds is premature until: (1) a taking occurs, and, (2) D.C. provides, or fails to provide, compensation. Only then would this matter become ripe.

The *Takings Clause* "does not prohibit the taking of private property, but instead places a condition[, compensation,] on the exercise of that power." *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, 482 U.S. 304, 314, 107 S. Ct. 2378, 96 L. Ed. 2d 250 (1987)*. Here, the defendants have not implemented a taking, and the plaintiffs have not yet sought compensation. *Williamson County, 473 U.S. at 194-95*. Furthermore, should the defendants initiate condemnation proceedings, it is uncontested that D.C. provides a mechanism through which property owners may seek compensation. *See e.g., D.C. Fed'n of Civic Assocs. v. Airis, 275 F. Supp. 533, 537 (D.D.C. 1967)*. In the event of a taking, if these procedures adequately provide the plaintiffs with just compensation [*11] for the loss of their property, then there would exist no real controversy among the parties. Therein lies the precise caution of the ripeness doctrine. That is, the court ought not intervene here because there may be no real dispute between the parties. 15 FED. PRAC. 3d § 101.70[2]. If the court were to interject itself into the proceedings in the current stage, it would merely preside over "abstract disagreements over administrative policies," *Ohio Forestry Ass'n, Inc., 523 U.S. at 733* (quoting *Abbott Labs., 387 U.S. at 148-49 (1967))*, and would not allow the D.C. Council its constitutionally-protected freedom from judicial interference, *Reno, 509 U.S. at 57 n.18* (noting that the ripeness doctrine is "drawn . . . from Article III limitations on judicial power").

### b. The Plaintiffs Will Not Suffer Undue Hardship

Although the plaintiffs' claims are unripe, the court may still act if withholding judgment would result in undue hardship on the plaintiffs. *Ohio Forestry Ass'n, Inc., 523 U.S. at 733-34*; *Wyoming, 165 F.3d at 48*. Hardship arises when the court, by withholding judgment, creates adverse [*12] effects of a legal or practical kind. *Ohio Forestry Ass'n, Inc., 523 U.S. at 733-34*. For example, no legal hardship occurs when the court does not "command anyone to do anything or to refrain from doing anything . . . grant, withhold, or modify any formal legal license, power, or authority; . . . subject anyone to any civil or criminal liability[, or create] legal rights or obligations." *Ohio Forestry Ass'n, Inc. 523 U.S. at 733* (citing *United States v. Los Angeles & Salt Lake R. Co., 273 U.S. 299, 47 S. Ct. 413, 71 L. Ed. 651 (1927))*.

Here, by granting the defendants' motion to dismiss for lack of ripeness, the court does not change the legal rights of the parties. The defendants may still exercise eminent domain or, conversely, they may refrain from doing so. In addition, the plaintiffs may still object to the defendants' exercise of eminent domain and seek just compensation in the event of a taking. If the plaintiffs' property is condemned, and they do not receive just compensation, they may then bring suit against the defendants.

Just as the parties will suffer no legal hardships by the court withholding judgment, the plaintiffs will similarly [*13] endure no practical hardship from the defendants' condemnation action beyond the hardship caused by the taking itself. This type of hardship, however, is insufficient to outweigh the state's power of eminent domain. *Kelo v. City of New London, Conn., 162 L. Ed. 2d 439, 125 S. Ct. 2655, 2668 (2005)* (stating that although condemnation proceedings engender hardship

regardless of just compensation, this hardship alone does not warrant a court's preclusion of the condemnation proceeding). Accordingly, the plaintiffs cannot demonstrate that they will suffer undue hardship following the dismissal of this action and the commencing of any eminent domain action. *Atl. States Legal Found. v. Envtl. Prot. Agency*, 355 U.S. App. D.C. 381, 325 F.3d 281, 284 (D.C. Cir. 2003).

Therefore, the court determines that the plaintiffs' claims are unripe and that the plaintiffs can demonstrate no undue hardship resulting from the court declining to exercise jurisdiction over this case. The court, consequently, lacks subject-matter jurisdiction over the plaintiffs' claims.

### IV. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss. [*14] An order directing the parties in a manner consistent with this Memorandum Opinion is issued this 12th day of December 2005.

RICARDO M. URBINA

United         States         District         Judge