IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 96, <br> affiliated with the INTERNATIONAL <br> BROTHERHOOD OF TEAMSTERS, <br> 2120 Bladensburg Road, N.E., #106 <br> Washington, D.C. 20018 <br><br>                 Plaintiff, <br> v. <br><br> WASHINGTON GAS LIGHT COMPANY, <br> 6601 Industrial Road <br> Springfield, VA 22151 <br><br>                 Defendant. | Civil Action No. 06-0928 (ESH) |

### PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 7(h) of the United States District Court for the District of Columbia, Plaintiff Teamsters Local Union No. 96 (the "Union") sets forth its statement of undisputed material facts as follows:

1. On or about March 1, 2005, the President of Local 96, William B. Gibson III, filed a grievance against Washington Gas. See Application to Confirm and Enforce Arbitration Award ("Application") at ¶ 7.

2. The Union filed its grievance to contest the Employer's decision to eliminate two job classifications – Inspector Contractor and Inspector Pre-Installation. Application, ¶ 7.

3. The Union maintained that the Employer violated the collective bargaining agreement ("CBA") between the parties by, among other things, improperly transferring and/or diverting bargaining unit work to individuals outside the bargaining unit. Application, ¶ 7.

4. On or about March 21, 2005, Thomas F. Bonner, Vice President of Washington

Gas, along with Les Goodman and Steve Savage of Washington Gas, met with Union representatives William B. Gibson, Jack Gray and Donald Mitchell to discuss the grievance. By agreement of the parties, this was a one-step grievance. Application, ¶ 8.

5. In a letter dated March 30, 2005, Mr. Bonner denied the Union's grievance. Application, ¶ 9.

6. The Union notified the Employer of its intention to arbitrate the Inspector Contractor grievance. Application, ¶ 10 and Plaintiff's Exhibit E at 3.

7. The parties selected Arbitrator Salvatore J. Arrigo. Mr. Arrigo was one of the individuals on a permanent panel of Arbitrators used by the Union and the Employer. The parties also agreed to September 29 and 30, 2005, as the dates to arbitrate the Union's grievance. Application, ¶ 10 and Plaintiff's Exhibit E at 3.

8. Prior to the arbitration hearing, on or about August 10, 2005, the parties participated in a conference call with Arbitrator Arrigo to resolve a dispute over the appropriate scope of the grievance. Application, ¶ 11 and Plaintiff's Exhibit E at 3-4.

9. Based upon this conference call, Mr. Arrigo ruled on the appropriate scope of the grievance - including what issues the Union could raise at the arbitration hearing. Application, ¶ 11 and Plaintiff's Exhibit E at 3-4.

10. On August 19, 2005, the Employer filed a motion to continue the arbitration. Application, ¶ 12 and Plaintiff's Exhibit E at 4.

11. The Union filed its opposition to the Employer's motion on August 29, 2005, and requested that the arbitration hearing proceed as scheduled on September 29, 2005. Application, ¶ 12 and Plaintiff's Exhibit E at 4.

12.     By Ruling dated September 1, 2005, Arbitrator Arrigo denied the Employer's motion to continue the arbitration hearing due to his previous ruling concerning the scope of the arbitration. Application, ¶ 13 and Plaintiff's Exhibit E at 4.

13.     Arbitrator Arrigo determined that the issue relied on by the Employer in requesting the continuance would not likely arise during the hearing as a result of his prior ruling. Application, ¶ 13 and Plaintiff's Exhibit C.

14.     On September 14, 2005, the Employer sent a letter to the Union seeking a stipulation of the issues to be presented at the arbitration hearing. Application, ¶ 14.

15.     The stipulation request included a suggestion that the issue of the elimination of a job classification not encompass any discussion concerning safety issues. Application, ¶ 14.

16.     The Union responded to the Employer on September 15, 2005, and disagreed with the Employer's recommended stipulation of issues. Application, ¶ 14.

17.     As to the Employer's suggestion that the parties agree to preclude a discussion of safety issues at the hearing, the Union stated that Arbitrator Arrigo's Ruling on September 1, 2005, adequately covered the permissible scope of the proceedings, and recommended that the parties meet prior to the hearing date to agree upon the framing of the issues in order to expedite the hearing. Application, ¶ 14.

18.     On September 21, 2005, the Employer faxed a letter to the Union purporting to remove Arbitrator Arrigo from the parties' permanent panel of arbitrators and suggesting that such action would prevent the arbitration from proceeding as scheduled on September 29, 2005. Application, ¶ 15; Defendant's Response to Order to Show Cause at 3.

19. On September 23, 2005, the Union filed a motion to proceed with the scheduled arbitration. Application, ¶ 16 and Plaintiff's Exhibit D; Defendant's Response to Order to Show Cause at 3.

20. Arbitrator Arrigo issued a Ruling and Order holding that the hearing scheduled for September 29, 2005, would proceed as scheduled and further argument could be made at the hearing regarding the issue of the arbitrator's authority and jurisdiction to hear the case. Application, ¶ 16 and Plaintiff's Exhibit D; Defendant's Response to Order to Show Cause at 3.

21. The Employer acknowledged receipt of the Union's motion to proceed and the Arbitrator's Ruling and Order to continue; however, the Employer contested the Arbitrator's Order. Application, ¶ 17 and Plaintiff's Exhibit E at Attachment 4; Defendant's Response to Order to Show Cause at 3.

22. In response to the Employer's challenge, on September 27, 2005, Arbitrator Arrigo reaffirmed his earlier September 23, 2005, Ruling and instructed that the hearing be held on September 29, 2005. Application, ¶ 17.

23. Mr. Arrigo's ruling on September 27, 2005, also informed the parties that the Employer's objection to him continuing as the arbitrator in this case would be addressed as a preliminary matter at the hearing, and any additional argument at that time could be presented by either party. Application, ¶ 17.

24. The arbitration hearing was conducted before Arbitrator Arrigo on September 29, 2005; however, the Employer chose not to participate in the hearing. Application, ¶ 18; Defendant's Response to Order to Show Cause at 4.

25. The Arbitrator directed that a copy of the transcript from the hearing, as well as a complete set of exhibits be provided to the Employer for its review. Application, ¶ 19.

26. The Employer received a complete set of hearing exhibits and the hearing transcript. Application, ¶ 19 and Plaintiff's Exhibit E.

27. The Employer also received notice of the briefing schedule for the submission of post hearing briefs. Application, ¶ 20 and Plaintiff's Exhibit E at 1.

28. The parties each timely submitted a post-hearing brief. Application, ¶ 20.

29. In its post-hearing brief, the Employer did not limit its argument to procedural issues but rather engaged in a substantive argument as to why the Union's grievance should be denied. Application, ¶ 20 and Plaintiff's Exhibit E at 6-14.

30. On December 31, 2005, Arbitrator Arrigo issued his Opinion and Award. Application, ¶ 21 and Plaintiff's Exhibit A

31. Arbitrator Arrigo found for the Union as follows:

    A. He retained jurisdiction and the authority to issue an opinion and award;

    B. The Employer violated the CBA by transferring the work of Inspectors to supervisory personnel on February 9, 2005, and at all times thereafter;

    C. The Employer was directed to reverse its decision eliminating Inspector classifications and offer to all employees removed from the Inspector classifications the opportunity to accept reinstatement to their previous Inspector positions without loss of seniority or any other benefit and be made whole; and

      D.      The Employer was directed to stop diverting traditional Inspector work to supervisory positions and return the traditional Inspector work to the Inspectors. Application, ¶ 21 and Plaintiff's Exhibit A at 22.

32.      The Arbitrator's Opinion and Award draws its essence from the collective bargaining agreement. Application, ¶ 22.

33.      After Arbitrator Arrigo issued his Opinion and Award, the Union approached the Employer and asked that the Employer comply with the provisions of the Award. Application, ¶ 24.

34.      The Employer has failed to comply with the provisions of the Arbitration Award. Application, ¶ 24; Defendant's Response to Order to Show Cause at 4.

35.      On April 13, 2006, the Union filed the instant Application to Confirm and Enforce Arbitration Award with the District of Columbia Superior Court. Defendant's Response to Order to Show Cause at 4.

36.      The Defendant failed to move to vacate Arbitrator Arrigo's Award within the 90 day time frame permitted under D.C. Code § 16-4311(b). Application, ¶ 27.

                Respectfully submitted,

                _____/s/ Mark J. Murphy_____
                Mark J. Murphy, Bar No. 453060
                Marc L. Wilhite
                Mooney, Green, Baker & Saindon, P.C.
                1920 L Street, N.W., Suite 400
                Washington, DC 20036
                (202) 783-0010
                (202) 783-6088 - fax

                Counsel for Teamsters Local Union Number 96

Date:   June 8, 2006