IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 96, affiliated with the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, 2120 Bladensburg Road, N.E., #106 Washington, D.C. 20018<br><br>     Plaintiff,<br>v.<br><br>WASHINGTON GAS LIGHT COMPANY, 6601 Industrial Road Springfield, VA 22151<br><br>     Defendant. | Civil Action No. 06-0928 (ESH) |

### PLAINTIFF'S CONSOLIDATED REPLY TO ORDER TO SHOW CAUSE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff Teamsters Local Union No. 96 ("Local 96" or "Union"), hereby submits its reply to the Court's Order to Show Cause and, in accordance with Rule 56 of the Federal Rules of Civil Procedure, Plaintiff also submits its Memorandum of Points and Authorities in Support of its Motion for Summary Judgment. As discussed below, the Court can exercise jurisdiction over this case because the issue in this case does involve a federal question.

Moreover, based upon the particular facts of this case - which are not in dispute - and the applicable case law, a remand of this case to state court would not promote judicial economy nor would it further the underlying policy recognized by federal labor law which favors the speedy and final resolution of labor disputes. Accordingly, rather than remand this case, the Union respectfully requests that the Court grant judgment in its favor and confirm the arbitration decision.

Summary judgment is appropriate because the Defendant's effort to challenge the arbitration decision is untimely. The applicable statute clearly provides parties to an arbitration 90 days with which to seek to vacate or modify an award. See D.C. Code § 16-4311(b) (providing all grieved parties with the opportunity to challenge an arbitrator's award within 90 days after it is issued). There is no dispute that the Defendant did not seek to vacate or modify the arbitration award within the 90 day period - or at any time thereafter. The arguments that the Defendant now submits to this Court in response to the Union's action to confirm the arbitration decision should have been made within the 90 day statutorily provided time period. The Defendant's failure to raise these arguments within the 90 day period renders such arguments untimely. See Local Union No. 26, IBEW, v. CWS Electric, 669 F. Supp. 495, 497-99 (D.D.C. 1986). See also Service Employees International Union, Local 722 v. Washington Hospital Center, 1983 U.S. Dist. LEXIS 16895 (D.D.C. 1983). As such, there is no issue present in this case that prevents the Court from granting the Union's application and confirming the Arbitrator's Opinion and Award. See CWS Electric, 669 F. Supp. 495 at 498-99.[1]

## I.    FACTUAL BACKGROUND

On or about March 1, 2005, the President of Local 96, William B. Gibson III, filed a grievance against Washington Gas. The Union filed its grievance to contest the Employer's decision to eliminate two job classifications – Inspector Contractor and Inspector Pre-Installation.

---

[1] In light of the procedural posture of this case, the Union does not directly respond to Defendant's Motion to Dismiss which was filed after the Court issued the Order to Show Cause on the issue of federal question jurisdiction. However, for the same reasons as the Union discusses in this memorandum, the arguments set forth by the Defendant should be deemed untimely. The Defendant's arguments seeking to challenge the underlying arbitration decision and how that decision was reached should have been raised during the 90 day statutory period allowed for parties to vacate or modify arbitration awards.

The Union maintained that the Employer violated the collective bargaining agreement ("CBA") between the parties by, among other things, improperly transferring and/or diverting bargaining unit work to individuals outside the bargaining unit. See Plaintiff's Statement of Undisputed Material Facts, ¶¶ 1-3.

On or about March 21, 2005, Thomas F. Bonner, Vice President of Washington Gas, along with Les Goodman and Steve Savage of Washington Gas, met with Union representatives William B. Gibson, Jack Gray and Donald Mitchell to discuss the grievance. By agreement of the parties, this was a one-step grievance. See Plaintiff's Statement of Undisputed Material Facts, ¶ 4.

In a letter dated March 30, 2005, Mr. Bonner denied the Union's grievance. Thereafter, the Union notified the Employer of its intention to arbitrate the Inspector Contractor grievance. Subsequently, the parties selected Arbitrator Salvatore J. Arrigo. Mr. Arrigo was one of the individuals on a permanent panel of Arbitrators used by the Union and the Employer. The parties also agreed to September 29 and 30, 2005, as the dates to arbitrate the Union's grievance. See Plaintiff's Statement of Undisputed Material Facts, ¶¶ 5-7.

Prior to the arbitration hearing, on or about August 10, 2005, the parties participated in a conference call with Arbitrator Arrigo to resolve a dispute over the appropriate scope of the grievance. Based upon this conference call, Mr. Arrigo ruled on the appropriate scope of the grievance - including what issues the Union could raise at the arbitration hearing. See Plaintiff's Statement of Undisputed Material Facts, ¶¶ 8-9.

On August 19, 2005, the Employer filed a motion to continue the arbitration. The Union filed its opposition to the Employer's motion on August 29, 2005, and requested that the

arbitration hearing proceed as scheduled on September 29, 2005.  See Plaintiff's Statement of Undisputed Material Facts, ¶¶ 10-11.

By Ruling dated September 1, 2005, Arbitrator Arrigo denied the Employer's motion to continue the arbitration hearing due to his previous ruling concerning the scope of the arbitration.  Arbitrator Arrigo determined that the issue relied on by the Employer in requesting the continuance would not likely arise during the hearing as a result of his prior ruling.  See Plaintiff's Statement of Undisputed Material Facts, ¶¶ 12-13.

On September 14, 2005, the Employer sent a letter to the Union seeking a stipulation of the issues to be presented at the arbitration hearing.  That stipulation request included a suggestion that the issue of the elimination of a job classification not encompass any discussion concerning safety issues.  The Union responded to the Employer on September 15, 2005 and disagreed with the Employer's recommended stipulation of issues.  As to the Employer's suggestion that the parties agree to preclude a discussion of safety issues at the hearing, the Union stated that Arbitrator Arrigo's Ruling on September 1, 2005 adequately covered the permissible scope of the proceedings, and recommended that the parties meet prior to the hearing date to agree upon the framing of the issues in order to expedite the hearing.  See Plaintiff's Statement of Undisputed Material Facts, ¶¶ 14-17.

On September 21, 2005, the Employer faxed a letter to the Union purporting to remove Arbitrator Arrigo from the parties' permanent panel of arbitrators and suggesting that such action would prevent the arbitration from proceeding as scheduled on September 29, 2005.  See Plaintiff's Statement of Undisputed Material Facts, ¶ 18.

In response, on September 23, 2005, the Union filed a motion to proceed with the scheduled arbitration. Arbitrator Arrigo issued a Ruling and Order directing that the hearing scheduled for September 29, 2005, would proceed as scheduled and ***further argument could be made at the hearing regarding the issue of the arbitrator's authority and jurisdiction to hear the case***. See Plaintiff's Statement of Undisputed Material Facts, ¶¶ 19-20.

Subsequently, the Employer acknowledged receipt of the Union's motion to proceed and the Arbitrator's Ruling and Order to continue; however, the Employer contested the Arbitrator's Order. In response to the Employer's challenge, on September 27, 2005, Arbitrator Arrigo reaffirmed his earlier September 23, 2005 Ruling and instructed that the hearing be held on September 29, 2005. Mr. Arrigo also informed the parties that the Employer's objection to Mr. Arrigo continuing as the arbitrator in this case would be addressed as a preliminary matter at the hearing, and any additional argument at that time could be presented by either party. See Plaintiff's Statement of Undisputed Material Facts, ¶¶ 21-23.

The arbitration hearing was conducted before Arbitrator Arrigo on September 29, 2005; however, the Employer chose not to participate in the hearing. See Plaintiff's Statement of Undisputed Material Facts, ¶ 24.

The Arbitrator directed that a copy of the transcript from the hearing, as well as a complete set of exhibits be provided to the Employer for its review. The Employer received a complete set of hearing exhibits and the hearing transcript. See Plaintiff's Statement of Undisputed Material Facts, ¶¶ 25-26.

Similarly, the Employer received notice of the briefing schedule for the submission of post hearing briefs. The parties each timely submitted a post-hearing brief. In its post-hearing

brief, the Employer did not limit its argument to procedural issues but rather engaged in a substantive argument as to why the Union's grievance should be denied. See Plaintiff's Statement of Undisputed Material Facts, ¶¶ 27-29.

## II. ARBITRATOR ARRIGO'S AWARD

Ultimately, on December 31, 2005, Arbitrator Arrigo issued his Opinion and Award. Therein, Arbitrator Arrigo found for the Union as follows:

  A. He retained jurisdiction and the authority to issue an opinion and award;

  B. The Employer violated the CBA by transferring the work of Inspectors to supervisory personnel on February 9, 2005, and at all times thereafter;

  C. The Employer was directed to reverse its decision eliminating Inspector classifications and offer to all employees removed from the Inspector classifications the opportunity to accept reinstatement to their previous Inspector positions without loss of seniority or any other benefit and be made whole; and

  D. The Employer was directed to stop diverting traditional Inspector work to supervisory positions and return the traditional Inspector work to the Inspectors.

See Plaintiff's Statement of Undisputed Material Facts, ¶¶ 30-31.

In reaching his decision, Arbitrator Arrigo interpreted the parties' collective bargaining agreement. In fact, the Arbitrator specifically interpreted the contractual provision that discusses when the parties can remove an arbitrator from the chosen panel. See Application, at Exhibit A,

p. 13. The Arbitrator specifically rejected the Company's argument that an arbitrator could be removed from the arbitration panel at any time. In so ruling, the Arbitrator reasoned that

> Arbitration is not merely a hearing, it is a process. . . . To validate the Employer's interpretation that the contractual right to strike an arbitrator from the panel without reason carries with it the implication that such action can be taken at any time regardless of the stage of the arbitration proceeding would lead to destroying the faith and belief of employees and the parties that the arbitration process is a means of timely resolving their disputes.

Id. The Arbitrator then proceeded to the merits of the dispute and concluded that the Company had, among other things, improperly transferred bargaining unit work which is prohibited by the parties' collective bargaining agreement. See Application, at Exhibit A, p. 15-19. In light of the above, there is no doubt that the Arbitrator's Opinion and Award draws its essence from the collective bargaining agreement. See Plaintiff's Statement of Undisputed Material Facts, ¶ 32.

After Arbitrator Arrigo issued his Opinion and Award, the Union approached the Employer and asked that the Employer comply with the provisions of the Award. Despite several requests by the Union, the Employer has failed to comply with the provisions of the Arbitration Award. See Plaintiff's Statement of Undisputed Material Facts, ¶¶ 33-34.

**III.   PROCEDURAL HISTORY**

Due to the Company's failure to comply with the Arbitrator's Opinion and Award, on April 13, 2006, the Union filed the instant Application to Confirm and Enforce the Arbitration Award (the "Application") with the District of Columbia Superior Court. The Application was filed pursuant to D.C. Code §§ 16-4310 and 16-4315.

Subsequently, on May 16, 2006, the Defendant removed the Application to this Court, and on May 19, 2006 this Court, *sua sponte*, ordered that Defendant show cause why this case should not be remanded to the Superior Court for want of jurisdiction.

On May 23, 2006, the Defendant filed with this Court a Motion to Dismiss the Union's Application, citing Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Thereafter, the Defendant also filed its response to the Court's Order to Show Cause on May 30, 2006.

The instant response of the Union is a consolidated reply that first addresses the question concerning jurisdiction, and second demonstrates why judgment in favor of the Union should be granted.

## IV.     JURISDICTION

On May 19, 2006, the Court requested that the Defendant establish its jurisdictional grounds for removal. In its response to the Court's order to show cause, Defendant argues that jurisdiction is established because it is necessary for the Court to interpret provisions of the parties' collective bargaining agreement to determine if the Arbitration Opinion and Award is valid and therefore, can be confirmed. See Defendant's Response to Order to Show Cause at 5. The Union agrees that the Arbitration Opinion and Award that it seeks to confirm is based on the interpretation of a collective bargaining agreement pursuant to Section 301 of the Labor Management Relations Act ("LMRA"). For this reason, the Court does have jurisdiction to hear this case. That is the result reached in other cases brought before this Court seeking to enforce an arbitration decision. See Local Union No. 26, IBEW, v. CWS Electric, 669 F. Supp. 495, 497-99 (D.D.C. 1986). See also Service Employees International Union, Local 722 v. Washington

Hospital Center, 1983 U.S. Dist. LEXIS 16895 (D.D.C. 1983).

The threshold question in this case is not whether the Court has jurisdiction to hear this case but, rather, whether the Defendant now has the ability to raise the issues it does in its response to the Order to Show Cause and in its Motion to Dismiss. On this question, the Union submits that the facts and reasoning set forth in CWS Electric are particularly relevant and provide useful guidance for the instant case on both the question of jurisdiction, as well as the Union's motion for summary judgment.

In that case, a union brought suit to confirm and enforce an arbitration award against CWS Electric, Inc (the "Company"). In response, the Company challenged the underlying arbitration decision contesting the existence of the contract that provided for arbitration between the parties and the arbitrability of the dispute itself. The union moved for summary judgment based upon the fact that the Company had failed to raise its challenges within the 90 day period pursuant to D.C. Code § 4311(b). The district court granted the union's summary judgment motion based upon well-established case law which "holds that no defenses may be raised in enforcement suits which are brought after the limitation period for motions to vacate has past." CWS Electric, 669 F. Supp. at 498. The district court recognized that both the question of arbitrability and fraud are normally matters for "judicial determination." Id. But because such allegations concerning the arbitration decision were not raised until after the 90 day period, the court declined to consider them. Id. at 499.

Almost the precise facts present in CWS Electric are also present here. Like the Company in CWS Electric, Washington Gas failed to raise any issue concerning the arbitration decision and award until after the 90 day period provided for by Section 4311 of the D.C. Code.

Indeed, similar to the CWS Electric case, the Defendant presented its challenge essentially in the form of affirmative defenses in response to the Union's action to confirm and enforce the Arbitration Opinion and Award. The failure by the Defendant to timely challenge the Arbitration Opinion and Award does not deprive this Court of jurisdiction. Instead, consistent with the reasoning set forth by Judge Oberdorfer in CWS Electric, this failure deprives the Defendant from maintaining a challenge to the Union's enforcement action. Accordingly, the Union submits that this Court does have jurisdiction in this case. Moreover, as discussed below, the Union further submits that this Court should exercise its jurisdiction and grant the Union judgment in its favor.

V.      **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, any time after the expiration of 20 days from the commencement of an action a party may move the Court to recover upon its claim. Summary judgment is appropriate when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). To determine which facts are "material," a court must look to the substantive law on which each claim rests. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. See Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 248. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In this case, the only element essential for the Plaintiff to establish is that the Defendant is time-barred from raising any defenses to Plaintiff's Application to Confirm and Enforce the Arbitration Award. As set forth below, the Defendant cannot meet its burden of demonstrating that the Union has failed to establish an essential element of its case because the time has lapsed for objecting to the arbitration award that the Union is now seeking to confirm. Consequently, the Union's motion for summary judgment should be granted.

The Union respectfully submits that the instant case is indistinguishable from the <u>CWS Electric</u> case discussed above and, therefore, the outcome reached in that case should also be reached here. In granting summary judgment in favor of the union in <u>CWS Electric</u>, Judge Oberdorfer noted that the facts relied on by the company in its effort to avoid an adverse arbitration award had been known since the time of the arbitration proceeding. Accordingly, he concluded that the only thing left to do was to grant the union's motion for summary judgment and confirm the arbitration award.

Here, there is no dispute that the Defendant was well aware of the Arbitrator's decision and his ruling on the question of when the parties could remove an arbitrator from their panel. Despite the Defendant's refusal to participate in the hearing, a transcript from the hearing was provided to the Defendant. The Defendant also submitted a post-hearing brief. In its brief, the Defendant did not simply argue that the Arbitrator had been properly terminated, but it also presented substantive arguments on the merits of the Union's grievance. Finally, the Defendant was provided with a copy of the Arbitrator's Opinion and Award. In light of the above, the Defendant simply has no excuse for why it did not seek to vacate the Arbitrator's Opinion and

Award within the 90 day period provided by statute based upon what it is now claiming to be the Arbitrator's lack of authority.

Like the Employer in CWS Electric, Washington Gas sat on its rights and took no action until the Union was forced to commence an enforcement action. As a result of its dilatory conduct, the Defendant is now precluded from challenging the Arbitrator's Opinion and Award. As Judge Oberdorfer explained in CWS Electric, prohibiting an Employer from challenging a suit to enforce an arbitration decision after the 90 day period to vacate the decision has passed is "completely in accord with national labor policy which favors industrial self-government and the speedy and final resolution of labor disputes." 669 F. Supp. at 495. Based upon this reasoning, the Union requests that the Court exercise jurisdiction in this case and grant its motion for summary judgment.

Respectfully submitted,

/s/ Mark J. Murphy
Mark J. Murphy, Bar No. 453060
Marc L. Wilhite
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, DC 20036
(202) 783-0010
(202) 783-6088 - fax

Counsel for Teamsters Local Union Number 96

Date:   June 8, 2006