LEXSEE 1983 U.S. DIST. LEXIS 16895

**Service Employees International Union, Local 722, AFL-CIO, Plaintiff v. Washington Hospital Center, Defendant.**

No. 82-2978.

**United States District Court for the District of Columbia.**

*1983 U.S. Dist. LEXIS 16895; 115 L.R.R.M. 3581; 99 Lab. Cas. (CCH) P10,631*

May 17, 1983

**OPINIONBY:** [*1]

GREEN

**OPINION:**

GREEN, D.J.: Plaintiff, the Service Employees International Union (Union) brought suit to enforce an arbitration award pursuant to Section 301 of the Labor Management Relations Act, *29 U.S.C. § 185*. Defendant, the Washington Hospital Center (Hospital) has counterclaimed to vacate the award on the grounds that the arbitrator exceeded his authority and that plaintiff's claim is barred by the applicable statute of limitations. Both parties have moved for summary judgment, claiming the absence of any genuine issue as to any material fact. For the reasons discussed below, plaintiff is entitled to judgment as a matter of law.

Plaintiff is the exclusive bargaining agent for certain employees of the Hospital. The current collective bargaining agreement (agreement) between the parties became effective September 20, 1981 and will be valid until October 6, 1984. Article IX of the agreement is entitled "Grievance Procedure," and Article X contains an arbitration provision. As defined in Article IX, a grievance is any disagreement between a Union employee and the Hospital "concerning any matter relating to wages, rates of pay, hours of employment or conditions of employment [*2] or any application or interpretation of the provisions of this Agreement." If the parties are unable to settle a grievance "the Union's authorized representative may refer the grievance to arbitration."

The dispute in this case arises from the Hospital's termination of Union member Barry Anderson. Anderson was discharged on October 28, 1981 after he failed properly to dispose of a small pile of trash. The Union claimed that the discharge was without just cause and was therefore in violation of the "just cause" provision of the agreement, Article III, Section 3.1. n1 Relying upon a different provision of the agreement, Article III, Section 3.2, which establishes a scheme of progressive discipline, defendant argued that Anderson's discharge did not have to be measured against the just cause standard. Under Section 3.2 an employee may be discharged after four infractions. Anderson's record at the time of discharge was not unblemished.

---

n1 Essentially that clause permits the Hospital to discharge or otherwise discipline an employee for just cause. Such action is subject to arbitration review to determine whether the employee actually committed the act in question of whether the punishment applied was commensurate with the gravity of the offense.

[*3]

Upon proceeding to arbitration, the parties were provided with a list of arbitrators by the Federal Mediation and Conciliation Service from which they selected Howard G. Gamser. A hearing was held on April 7, 1982. Mr. Gamser issued his opinion and award in favor of plaintiff on July 6, 1982.

The arbitrator ordered the Hospital to reinstate Anderson to his former position, but did not award back pay, reasoning that while the Hospital did not have just cause to discharge Anderson, under Section 3.1 of the agreement some discipline may have been appropriate.

The arbitrator considered but rejected the Hospital's contention that Section 3.2 applied to Anderson's case and that therefore the arbitrator lacked the discretion afforded by Section 3.1 to reverse the discharge. Specifically, he found that Section 3.2 did not preclude his

Case 1:06-cv-00928-ESH   Document 7-5   Filed 06/09/2006   Page 2 of 3

Page 2
1983 U.S. Dist. LEXIS 16895, *; 115 L.R.R.M. 3581;
99 Lab. Cas. (CCH) P10,631

determination that the discharge was an excessively severe response to Anderson's conduct.

Anderson reported to work on July 12, 1982, the first work day after learning of the award. However, the Hospital refused to reinstate him until July 19, 1982. See Affidavit of Ben Elliott, Business Agent for Local 722, Service Employees International Union. [*4] Plaintiff maintains that in accordance with the arbitrator's award he is entitled to pay for the five work days he lost between July 12, 1982 and July 19, 1982. n2

n2 As a preliminary matter, the Court can readily dismiss the Hospital's contention that plaintiff's claim is time-barred. Plaintiff filed its complaint on October 19, 1982, well within the statutory period applicable to actions to enforce arbitration awards. 12 D.C. Code § 301(7). However, actions to vacate or modify awards must be brought "within 90 days after delivery of a copy of the award to the applicant." 16 D.C. Code § § 4311, 4312. Thus, although plaintiff must be deemed to have waived the statute of limitations defense to defendant's counterclaim, having failed to assert it, defendant's untimely counterclaim could have been ignored. *Service Employees International Union, Local 36, AFL-CIO v. Office Center Services*, 670 F.2d 404, 412 (3rd Cir. 1982; *Chauffeurs, Teamsters, Warehousemen and Helpers, Local 135 v. Jefferson Trucking Co., Inc.*, 628 F.2d 1023, 1027 (7th Cir. 1980), cert. denied, 449 U.S. 1125 (1981); *Western Kraft East, Inc. v. United Paperworkers International Union, Local 375*, 531 F. Supp. 666, 670-71 (E.D. Pa. 1982).

This result "finds additional support in the Federal policy favoring voluntary arbitration as the most expedient method of resolving labor disputes . . . Thus, the purpose of the short periods prescribed in the federal and state Arbitration Statutes for moving courts to vacate an award is to accord the arbitration award finality in a timely fashion . . . [T]his policy would seem to condemn the conduct of the defendant who ignored an award disfavorable to it, failed to move to vacate the award, and then sought to have the arbitration award enforced. If the defendant's defenses were of such vital importance to it, the defendant nevertheless had an opportunity to raise them in the manner contemplated by Statute." 628 F.2d at 1027.

[*5]

The parties agree that judicial review of the propriety of a particular arbitration award is limited to two basic questions: (1) whether the alleged arbitral claims are governed by the contract; and (2) whether the arbitrator has confined his decision to the interpretation of the collective bargaining agreement. See *International Ass'n of Machinists v. Texas Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976), cert. denied, 429 U.S. 1095 (1977). The arbitrability of this dispute is not contested by either party. Thus, the Court must determine only whether the arbitrator exceeded his authority in rendering a decision in Anderson's favor. n3

n3 The scope of the arbitrator's authority is defined in Section 10.2 of the agreement, which provides:

"The arbitrator shall have the authority to apply the provisions of this Agreement and to render a decision on any grievance properly coming before him, but he shall not have the authority to amend to modify this Agreement or to establish any terms or conditions of this Agreement." (Emphasis supplied.)

Consistent with the policy favoring dispute resolution by arbitration, the scope of judicial review of arbitration awards is narrowly circumscribed. [*6] See *United Steelworkers of America v. American Manufacturing Company*, 363 U.S. 574, 582-83 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corporation*, 363 U.S. 593, 599 (1960) (The Steelworkers Trilogy). The parties bargained for the arbitrator's interpretation of their collective bargaining agreement. Therefore, a court may not overturn the arbitrator's decision simply because it would construe the agreement differently. *Id. at 599.* Rather, it must affirm and enforce an arbitration award "so long as it draws its essence" from the agreement. *Id. at 597.*

The courts have developed several tests to determine whether an award meets this standard. See, e.g., *Storer Broadcasting Co. v. American Federation of Television and Radio Artists*, 600 F.2d 45, 47 (6th Cir. 1979), cert. denied, 454 U.S. 1099 (1981). Both the Hospital and the Union rely on the test set forth in *Keen Mountain Construction Co., Inc. v. Chambers*, 481 F. Supp. 532, 537 (W.D. Va. 1979):

(1) an award cannot be contrary to the express language of the agreement; and, (2) an award will not be enforced if there is not rational way the arbitrator's interpretation can be construed from the agreement.
The [*7] party challenging the award, the Hospital here, has the burden of establishing its invalidity. *Id. at 536.*

In the instant case the arbitrator merely interpreted two arguably inconsistent provisions of the agreement in a reasonable and consistent fashion. Despite defendant's

Case 1:06-cv-00928-ESH   Document 7-5   Filed 06/09/2006   Page 3 of 3

Page 3

1983 U.S. Dist. LEXIS 16895, *; 115 L.R.R.M. 3581;
99 Lab. Cas. (CCH) P10,631

vigorous arguments to the contrary, the award neither contradicts express language in, nor irrationally construes, the agreement of the parties. No new terms or conditions were added. Instead, the arbitrator read the agreement as a whole:

"Sections or portions cannot be isolated from the rest of the agreement and given construction indepedently of the purpose and agreement of the parties as evidenced by the entire document. . . . The meaning of each paragraph and each sentence must be determined in relation to the contract as a whole."
Elkouri and Elkouri, How Arbitration Works, 308 (2d ed. 1973) (quoting *Great Lakes Dredge & Dock Co.*, 5 LA 409, 410 (Kelliher, 1946)). The arbitrator's decision represents an accommodation between the just cause provision in Section 3.1 and the grant of apparent unilateral disciplinary authority to management in Section 3.2. See, e.g., *Vulcan-Hart Corp. v. Stone Furnace* [*8] *& Allied Appliance Workers Union, Local No. 110*, 671 F.2d 1182, 1184-85 (8th Cir. 1982). n4 Accordingly, the Court will order the award enforced.

n4 Cf. *Grand Rapids Die Casting v. United Auto Workers, Local 195*, 684 F.2d 413 (6th Cir. 1982). In Grand Rapids, the Court of Appeals reversed an arbitration award favorable to an employee who had been discharge pursuant to a progressive disciplinary scheme. The district court had liberally construed the award to conclude that the discharge was without just cause and therefore in violation of the parties' collective bargaining agreement. In fact, the arbitrator did not so ground his result, but rather, had vehemently expressed his disapproval of the disciplinary scheme. Thus, his award did not "draw its essence" from the agreement.

To give full effect to the remedial purpose behind the arbitrator's reinstatement order, the Hospital must pay Anderson the wages he would have earned had the award been implemented immediately, any administrative inconvenience notwithstanding. See *International Longshoremen's and Warehousemen's Union, Local 34 v. Cargill, Inc.*, 357 F. Supp. 608, 610 (N.D. Cal. 1973). Prejudgment interest on that [*9] sum from the first work day to the present, at the prevailing legal rate, is also appropriate. See *Miller v. Robertson*, 266 U.S. 243, 257-58 (1924) ("when necessary in order to arrive at fair compensation, the court in the exercise of sound discretion may include interest or the equivalent as an element of damages"). n5

n5 Although the Union has requested an award of attorney's fees and costs, the record does not indicate that the Hospital has acted in bad faith in contesting the arbitration award. Accordingly, the request must be denied. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975); *National Association of Letter Carriers v. United States Postal Service*, 590 F.2d 1171, 1174-75 (D.C. Cir. 1978).

An Order consistent with the foregoing accompanies this memorandum.