**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**TEAMSTERS LOCAL UNION**
**NUMBER 96, affiliated with the**
**INTERNATIONAL BROTHERHOOD OF**
**TEAMSTERS,**
**2120 Bladensburg Rd., N.E., # 106**
**Washington, D.C. 20018**

                              Plaintiff,

**v.**                                        **Case No. 1:06-cv-928 (ESH)**

**WASHINGTON GAS LIGHT COMPANY,**
**6601 Industrial Rd.**
**Springfield, VA 22151**

                      Defendant.

_____

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

       Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the

Local Civil Rules of Procedure, Defendant Washington Gas Light Company

("Washington Gas" or the "Company"), hereby submits its Memorandum of Points and

Authorities in Opposition to Plaintiff's Motion for Summary Judgment.

**I.       INTRODUCTION AND SUMMARY**

       Plaintiff Teamsters' Union Local No. 96's ("Local 96") Motion for Summary

Judgment should be denied, and Washington Gas' Motion to Dismiss should be granted,

because there exists no valid Arbitration Award in the underlying grievance capable of

being confirmed or enforced by this Court.

       As noted in the Company's Memorandum in Support of its Motion to Dismiss,

attached hereto at Ex. 1, the disposition of this matter depends upon the interpretation of

-2-

a provision in the collective bargaining agreement between the parties that allows either party, ***at any time and for any reason***, to strike an arbitrator from the panel of arbitrators. Washington Gas exercised this contractual right on September 21, 2005, striking then-arbitrator Salvatore Arrigo from the panel of arbitrators.  Local 96 contended that the Company's action was ineffectual and proceeded with an invalid, *ex parte* hearing before Mr. Arrigo.  Now, Local 96 seeks to confirm and enforce the alleged award rendered by Mr. Arrigo as a consequence of that sham proceeding, which the Company contends was void *ab initio*, and is therefore not capable of confirmation or enforcement.

As set forth in greater detail below, Local 96's Motion must be denied because the record contains genuine issues of material, disputed fact, as raised in the Company's Motion to Dismiss, that preclude judgment in its favor as a matter of law.  To the extent that Local 96 asserts that the Company's arguments in favor of dismissal should be ignored because they were not filed within the ninety-days statute of limitations period for filing a motion to vacate or modify an award pursuant to D.C. Code § 16-4311, that argument is specious and should be disregarded.  The Company's Motion to Dismiss should be granted and Plaintiff's Application, therefore, should be dismissed, for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted.

## II.    FACTUAL ALLEGATIONS

Washington Gas and Local 96 are parties to a June 2, 2004 Labor Contract (the "CBA"), which governs the terms and conditions of employment.  Application for Confirmation and Enforcement of Arbitration Award ("Application"), ¶ 6 and Ex. B. Among other things, Article XVIII of the CBA establishes a procedure for adjusting

controversies between the parties, including a procedure for binding arbitration. *See* relevant provisions of the CBA, attached hereto as Ex. 2. In pertinent part, Article XVIII of the CBA provides that "[a] panel of nine (9) arbitrators shall be jointly compiled and agreed upon by the parties. . . . ***During the term of this Contract***, either party may, ***for any reason***, strike up to two (2) arbitrators from the panel of arbitrators." *Id.* (emphasis added).

On or about April 11, 2005, Plaintiff notified Washington Gas pursuant to Article XVIII of its intent to arbitrate a grievance on behalf of several of its members. Application, ¶ 10. The grievance concerned Local 96's allegation that Washington Gas had violated the terms of the CBA by transferring and/or diverting bargaining unit work to individuals outside the bargaining unit by eliminating two job classifications. *Id.*, ¶ 7. In response, Washington Gas contended that it had acted pursuant to the rights retained by it in Articles V, § 1, VI, § 13 of the CBA. *Id.*, Ex. E at 8-10.

Initially, Salvatore Arrigo was chosen by the parties from the panel as the arbitrator for Local 96's grievance. *Id.,* ¶ 10. A hearing in the matter was scheduled for September 29 and 30, 2005. *Id.* On September 21, 2005, however, Washington Gas exercised its contractual right to remove Mr. Arrigo from the panel of arbitrators in the grievance. *Id.,* ¶ 15. As a consequence, Washington Gas noted in the September 21 letter, the arbitration could not proceed as scheduled on September 29, 2005. *Id.*

Despite the fact that Mr. Arrigo had been duly removed as an arbitrator, on September 23, 2005, Local 96 filed a Motion to Proceed with Arbitration Hearing (the "Motion to Proceed") with Mr. Arrigo. *Id.*, ¶ 16. Just two hours later, Mr. Arrigo,

himself, granted the Motion to Proceed and ruled that the hearing should proceed as scheduled on September 29, 2005. *Id.*, Exs. D, E at 5.

By letter dated September 23, 2005, Washington Gas reminded Local 96 and Mr. Arrigo of the CBA provision allowing for unilateral removal of arbitrators by either party, at any time and for any reason. *Id.*, ¶ 17 and Ex. E at Attachment 4. Washington Gas reiterated that it had chosen to exercise its contractual right, and made clear that it no longer recognized Mr. Arrigo as an arbitrator in the matter capable of making any ruling, including granting the motion to retain himself as an arbitrator, or issuing any binding and enforceable order. *Id.*, ¶ 17 and Ex. E at Attachment 4. Also in accordance with the CBA, Washington Gas urged Local 96 to participate in selecting another arbitrator to expeditiously hear the arbitration. *Id.*, Ex. E at Attachment 4.

Notwithstanding his removal as arbitrator, Mr. Arrigo held an *ex parte* hearing on September 29, 2005, at which only Local 96 appeared. *Id.*, ¶¶ 17-18. Following the hearing, Washington Gas submitted a brief by "Special Appearance," in which the Company restated its objection to Mr. Arrigo's action in holding himself out as an arbitrator of the dispute. *Id.*, Ex. E at 2, 4-8.

On December 31, 2005, however, Mr. Arrigo issued a document in which he purported to find for Local 96 on the underlying grievance. *See* Arbtiration Decision in the Matter of Teamsters Local Union No. 96 and Washington Gas Light Co., Grievance No. 20-05-10, attached to Plaintiff's Memorandum in Support of Motion to Dismiss as Tab 2. Since that time, Washington Gas has acted consistently with its position that Mr. Arrigo was stricken as the arbitrator on September 21, 2005, and that therefore, any decision he purportedly rendered in the underlying arbitration between the parties was

necessarily invalid *ab initio*. *Id.*, ¶ 24. Nevertheless, on or about April 16, 2006, Local 96 filed the instant Application with the District of Columbia Superior Court to confirm and enforce Mr. Arrigo's findings. Washington Gas removed the matter to this Court on May 16, 2006. On May 23, 2006, the Company filed a Motion to Dismiss which is currently pending.

## III.    ARGUMENT

### A.    Local 96's Motion Should Be Denied Because of the Existence on the Record of Genuine Issues of Disputed, Material Fact

Local 96's Motion should be denied because the parties are in dispute regarding genuine issues of disputed, material fact central to the case. To wit, whether, after September 21, 2005, Mr. Arrigo remained an "arbitrator" under the CBA capable of convening an arbitration proceeding, issuing subpoenas, taking evidence and rendering a binding and enforceable decision.

In determining a motion for summary judgment, a court must consider all inferences from the record in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("All that is required [of the non-moving party] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 248; *see also Bayer v. United States Dep't of Treasury*, 294 U.S. App. D.C. 44, 956 F.2d 330, 333 (D.C. Cir. 1992).

Summary judgment is only appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 310 U.S. App. D.C. 113, 43 F.3d 1538, 1540 (D.C. Cir. 1995)). Material facts are in dispute if they are capable of affecting the outcome of the suit under governing law. *See Anderson*, 477 U.S. at 248.

The genuine disputes contained in the present record do far more than create mere "metaphysical doubt" as to the material facts. *Cf. Matsushita*, 475 U.S. at 586. Rather, they go to the very core of this matter and render impossible summary judgment in favor of Local 96. Washington Gas submits that, because of its valid September 21, 2005 removal of Mr. Arrigo as arbitrator, there exists no arbitration award capable of confirmation, enforcement or, by extension, vacation. The processing of Local 96's grievance effectively was suspended as of the date of that action and will remain so until the parties select a new arbitrator and proceed to a hearing in this matter. As a result, Local 96 cannot prevail as a matter of law, and the Company's Motion to Dismiss should be granted.

    **B.**    **Washington Gas Has Not Waived Its Defenses By Failing To File A Motion To Vacate Within The Limitations Period Contained in the District of Columbia Arbitration Statute Because Its Arguments For Dismissal Do Not Arise Under That Statute**

Washington Gas' arguments in support of its Motion to Dismiss are not time-barred, because they do not arise under D.C. Code § 16-4311 and, as such, are not subject to the 90-day statute of limitations for filing a motion to vacate an award. Rather, as noted above, D.C. Code § 16-4311 does not apply to the present matter because the

matter was never submitted pursuant to the terms of the CBA to a valid hearing before a proper arbitrator.

      1.      Lack of Subject Matter Jurisdiction Can Be Raised At Any Time and Cannot Be Waived

In its Motion to Dismiss, Washington Gas argues that, because no valid arbitration award capable of enforcement exists, the Application to Confirm and Enforce filed by Local 96 is unripe for adjudication. The jurisdiction of federal courts pursuant to Article III of the Constitution is limited to actual "cases or controversies." *See Rumber v. District of Columbia,* 2005 U.S. Dist. LEXIS 33360 \*\*7-9 (D. D.C. Dec. 12, 2005), attached hereto as Ex. 3. The ripeness doctrine examines whether the case has been brought at a point so early that it is not yet clear that an actual case or controversy has arisen such that it is appropriate for the court to exercise jurisdiction over the matter. *Id.* at \*7. A case that is unripe should be dismissed for lack of subject matter jurisdiction. *Id.* at \*\*7-12.

It is well settled that lack of subject matter jurisdiction cannot be waived by the passage of time, by estoppel, or by consent of the parties. 5C WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE (hereinafter "Wright and Miller") § 1393, 532-535 (2004). "Indeed, the Supreme Court has indicated on several occasions that it is the obligation of the federal courts to assure themselves that they have subject matter jurisdiction." Wright and Miller, at 549. Moreover, "[a] question of subject matter jurisdiction may be presented by any interested party at any time," Wright and Miller, at 536 (citing *Grupo Dataflux v. Atlas Global Group,* 541 U.S. 567, 576 (2004); *Capron v. Van Noorden* 6 U.S. 126 (1804) (2 Cranch)). Even the party who invokes the jurisdiction

of a federal court is not estopped from raising lack of subject matter jurisdiction. *Thomas v. District of Columbia*, 82 F.R.D. 93 (D. D.C. 1979).

Here, because no valid, enforceable arbitration award has yet been issued, Local 96's action to confirm and enforce an award is not ripe for adjudication. Indeed, should the underlying grievance proceed to arbitration under the guidance of a properly appointed arbitrator, and with the full participation of both parties, a different ruling might issue. As a result, the matter brought by Local 96 "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Atl. States Legal Found. v. Envtl. Prot. Agency*, 325 F.3d 281, 284 (D.C. Cir. 2003). A ruling now, therefore, would be premature.

     2.     Washington Gas' Jurisdictional Argument That No Order Has Issued Is Not Based On the District of Columbia's Arbitration Statute

The District of Columbia's arbitration statute simply has no bearing on the jurisdictional argument that Mr. Arrigo was not, after September 21, 2005, an arbitrator capable of ruling on motions, conducting a hearing and issuing a binding order on the parties pursuant to their CBA. Local 96's reliance upon *CWS Electric* and *Washington Hospital Center*, therefore, is unavailing. In both of those cases, in response to motions to enforce arbitration awards, the employers relied upon defenses that expressly arise under the D.C. arbitration statue, and thus are subject to the 90-day limitations period provided in those statute. *See Local Union 26, International Brotherhood of Electrical Workers v. CWS Electric*, 669 F. Supp. 495 (D. D.C. 1986); *Service Employees Int'l Union, Local  722 v. Washington Hosp. Center*, 1983 U.S. DIST. LEXIS 16895 (D. D.C. 1983), attached to the Motion for Summary Judgment.

*CWS Electric* involved an employer who, as an unincorporated proprietorship, authorized another entity to enter into a collective bargaining agreement on its behalf. *Id.* at 495. When a dispute arose between the union and CWS Electric, the matter was submitted to arbitration before the Labor Management Committee. *Id.* The employer made a special appearance, by its attorney, to argue that the Labor Management Committee lacked jurisdiction because the authorization to enter into an agreement was given by CWS Electric before it incorporated, and so the newly-formed corporation was not bound by the agreement. *Id.* The employer made no further arguments regarding jurisdiction. *Id.* Finding that the newly incorporated entity was the "alter ego" of the proprietorship that had authorized entry into the collective bargaining agreement, however, the Labor Management Committee ruled against the employer in the arbitration. *Id.* In defense of the union's motion for summary judgment in a subsequent action to enforce the award, CWS Electric raised ***for the first time*** that the original authorization regarding entry into a collective bargaining agreement was the product of mistake or fraud. *Id.* at 497-498. This Court ruled that because, the employer's defense could have been raised in a motion to vacate brought pursuant to D.C. Code § 16-4311(a), [1] the employer's failure to move during the 90-day limitations period precluded CWS Electric from raising the fraud argument as an affirmative defense. *Id.* at 498. In so ruling, the Court specifically noted that the employer had not raised the fraud issue before the arbitrators "or at any time thereafter." *Id.* at 499. Recognizing that the result was "harsh," the Court conceded that it had "hesitated in search of a principled basis for

---

[1]     The D.C. statute expressly contemplates motions to vacate based upon an assertion that "[t]he award was procured by corruption, fraud or other undue means" and that "[t]here was no arbitration agreement and the issue was not adversely determined in proceedings under section 16-4312." D.C. Code § 16-4311(a)(1) and (5).

another result." *Id.* Because the employer had not provided any other basis, however, the Court had no choice but to disallow the employer's defenses and enter summary judgment for the union. *Id.*

Similarly, as a counterclaim in an action to enforce an arbitration award brought more than 90-days after the award issued, the employer in *Washington Hospital Center* moved to vacate on the ground, *inter alia*, that the arbitrator had exceeded his authority. *Washington Hosp. Center*, 183 U.S. DIST. LEXIS 16895 at *1; *cf.* D.C. Code § 16-4311(a)(3). In that case, this Court held that — although the counterclaim was untimely — the plaintiff had waived the statute of limitations defense to it by failing to raise the 90-day limitations period. *Id.*, *4 n.2. The court went on to analyze and reject the employer's counterclaim on its merits. *Id.*

The present matter is factually and legally distinguishable from both *CWS Electric* and *Washington Hosp. Center*. In this case, unlike *CWS Electric* and *Wash. Hosp. Center*, the basis for denial of Local 96's Motion (and in favor of dismissal) is ***not*** based upon a ground contemplated by the D.C. arbitration statute. *See* D.C. Code § 16-4311(a). Unlike the employer in *CWS Electric*, Washington Gas does not dispute the existence of a collective bargaining agreement between the parties or an agreement to submit disputes to arbitration, nor does it dispute that the underlying grievance was arbitrable. By contrast to the employer in *Washington Hosp. Center*, the Company is not asserting that Mr. Arrigo exceeded his authority as an arbitrator. Rather, the Company asserts that Mr. Arrigo was removed as an arbitrator, and that his removal both suspended the processing of Local 96's grievance as of September 21, 2005, and rendered invalid any action taken by Mr. Arrigo subsequent to that date. Unlike *CWS Electric and*

-11-

*Washington Hosp. Center*, the D.C. arbitration statute does not apply where, as here, ***no arbitration award*** under the CBA ***exists***.

Moreover, unlike the arguments advanced by CWS Electric for the first time in response to a motion for summary judgment, this is ***not*** the first time that Washington Gas has stated its position that Mr. Arrigo's authority to proceed as an arbitrator was removed ***in toto*** by operation of the Company's September 21 letter. Indeed, by letter dated September 23, 2005, Washington Gas reminded Local 96 and Mr. Arrigo of the CBA provision allowing for unilateral removal of arbitrators by either party, at any time and for any reason. Application, ¶ 17 and Ex. E at Attachment 4. Moreover, following its notification to Local 96 and Mr. Arrigo of its action, Washington Gas took immediate steps to timely replace Mr. Arrigo with the next arbitrator on the panel and to engage Local 96 in the process of identifying additional panel members. Application, Ex. E at Attachment 5.

Notwithstanding these actions, Local 96 continued to insist that Mr. Arrigo remained the arbitrator, refused to cooperate with Washington Gas in naming a successor, and proceeded with a sham, *ex parte* hearing. *See* Application. After the invalid hearing, in a special appearance, the Company again clearly articulated its position that (1) Mr. Arrigo was no longer an arbitrator and (2) the hearing was not valid and (3) any decision issued by Mr. Arrigo was gratuitous and not binding on the Company. *See* Application, Ex. E. at 1-8. ***Expressly without waiver of its position that Mr. Arrigo was no longer an arbitrator under the CBA,*** Washington Gas included additional substantive arguments. Following Mr. Arrigo's so-called award, the Company continued to act consistently with

it previously stated position that Mr. Arrigo was not an arbitrator and that, therefore, there could be no award capable of either enforcing or vacating.

Local 96 simply cannot be heard to argue that the Company's position was unknown to it prior to its attempt to enforce the invalid award. To the extent that Local 96 ignored Washington Gas' valid exercise of its contractual authority to remove Mr. Arrigo as arbitrator, it did so at its own peril. Moreover, as a practical matter, it is untenable to allow a party, such as Local 96, to ignore the unambiguous, bargained-for terms of its collective bargaining agreement and impose its own procedural requirements upon the other party. To enforce Local 96's attempt to obtain an invalid award from an unauthorized "arbitrator," and then impose on the Company the obligation to set aside that invalid award through a statutory process that is plainly inapplicable under the circumstances, is to stand the collective bargaining process on its head. Any attempt by Local 96 in this regard should be rejected.

Because subject matter jurisdiction and the ripeness doctrine are Constitutional limitations not subject to any statutory limitations period, including that of D.C. Code § 16-4311, Washington Gas' argument in the Motion to Dismiss is timely. Local 96's Motion therefore must be denied, and the Company's Motion to Dismiss should be granted.

## IV.    CONCLUSION

For the foregoing reasons, Washington Gas respectfully requests that Local 96's Motion for Summary Judgment be denied and its Motion to Dismiss be granted.

Respectfully submitted,


_____/s/ Karen L. Vossler_____
Robert L. Clayton (D.C. Bar No. 961474)
Karen L. Vossler (D.C. Bar No. 476522)
Mintz, Levin, Cohn, Ferris, Glovsky, and
Popeo, LLC
701 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Tel: 202-434-7300
Fax: 202-434-7400

Counsel for Defendant Washington Gas

Date:   June 19, 2006

WDC 387178v.1