IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TEAMSTERS LOCAL UNION
NUMBER 96, affiliated with the
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS,
2120 Bladensburg Rd., N.E., # 106
Washington, D.C. 20018

       Plaintiff,

v.              Case No. 1:06-cv-928 (ESH)

WASHINGTON GAS LIGHT COMPANY,
6601 Industrial Rd.
Springfield, VA 22151

       Defendant.

**STATEMENT OF GENUINE ISSUES OF DISPUTED MATERIAL FACTS
IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of Civil Procedure, Defendant Washington Gas Light Company ("Washington Gas" or the "Company"), hereby submits its Statement of Genuine Issues of Disputed Material Facts In Opposition to Plaintiff's Motion for Summary Judgment. In specific response to the Statement of Undisputed Facts filed by Teamsters Local Union No. 96 ("Local 96") with its Motion for Summary Judgment, the Company states as follows.

    1.  Undisputed.

    2.  Undisputed.

    3.  Undisputed.

    4.  Undisputed.

5. Undisputed.

6. Undisputed.

7. Washington Gas does not dispute that Salvatore Arrigo was chosen from a panel as the arbitrator and that a hearing in the matter was scheduled for September 29 and 30, 2005. Washington Gas specifically disputes, however, that Mr. Arrigo was part of a "permanent" panel of arbitrators used by the Union and the Employer to decide disputes arising between them. Rather, Mr. Arrigo's position on the panel of arbitrators was subject to the power of either party to the June 2, 2004 Labor Contract (the "CBA") to strike up to two arbitrators at any time during the term of the CBA. *See* Application to Confirm and Enforce Arbitration Agreement ("Application"), Ex. B at Article XVIII, 16(a).

8. Undisputed.

9. Undisputed.

10. Undisputed.

11. Undisputed.

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Undisputed.

16. Undisputed.

17. Undisputed.

18. Washington Gas does not dispute that on September 21, 2005, the Company exercised its contractual right to remove Mr. Arrigo from the panel of

arbitrators in the grievance and noted that, as a result, the arbitration could not proceed as scheduled on September 29, 2005, as originally scheduled. *See* September 21, 2005 letter from L. Patrice Latimer to Mark J. Murphy ("September 21 letter"), attached to Memorandum In Support of Motion to Dismiss at Tab 1. Washington Gas specifically disputes that that its letter was ineffective in removing Mr. Arrigo as the arbitrator (and hence that it "purported to" remove Mr. Arrigo, as Local 96 suggests in its papers).

      19.      Undisputed.

      20.      Although Washington Gas does not dispute that Mr. Arrigo ***purported*** to rule on Local 96's Motion to Proceed, the Company disputes that, following its September 21 letter removing him as arbitrator, Mr. Arrigo had any authority to hear or grant the Motion to Proceed filed by Local 96. Washington Gas further disputes that Local 96's Motion to Proceed was properly filed with any arbitrator with the authority to rule on its subject matter.

      21.      Washington Gas disputes that the Mr. Arrigo's opinion on the Motion to Proceed constituted an "Arbitrator's Ruling and Order," by which the Company would be bound to abide and further disputes that Mr. Arrigo was, at that point, still an "Arbitrator" pursuant to the terms of the CBA. Rather, by its letter dated September 23, 2005, Washington Gas reminded Local 96 and Mr. Arrigo of its exercise of the CBA provision allowing for unilateral removal of arbitrators by either party, at any time and for any reason. *See* Application, Ex. E at Attachment 4. Washington Gas also stated clearly that it no longer recognized Mr. Arrigo as an arbitrator in the matter capable of making any ruling, including granting the motion to retain himself as an arbitrator, or issuing any binding and enforceable order. *Id.*

22. Washington Gas disputes that, as of September 21, 2005, Mr. Arrigo could be considered an "Arbitrator" or that he could reaffirm a "Ruling" that he had not been authorized to issue in the first instance. *See* September 21 letter. Washington Gas does not deny, however, that Mr. Arrigo improperly continued to represent himself as the "Arbitrator" and, in this false position, he purported to instruct that a hearing be held on September 29, 2005.

23. Similarly, Washington Gas disputes that Mr. Arrigo's September 27, 2005 statement constituted a "ruling" on the matter to which the Company would be compelled to adhere. *See* September 21 letter. Consistent with its position that, as of September 21, 2005, Mr. Arrigo had been removed as an arbitrator from the parties' panel of arbitrators, the Company contested that Mr. Arrigo had any authority to bind it with his opinions or to require that Washington Gas appear at a hearing and present an objection to his attempt to retain his status as arbitrator. Washington Gas does not dispute, however, that Mr. Arrigo made the statements alleged in his September 27, 2005 writing.

24. Because it properly had removed Mr. Arrigo as arbitrator in the underlying arbitration, Washington Gas disputes that a valid "arbitration hearing" was held on September 29, 2005, or that Mr. Arrigo was properly an "arbitrator" presiding over that proceeding. *See* September 21 letter. Washington Gas does not dispute that, consistent with its position, it did not appear on September 29, 2005, but does dispute that the proceeding on that date was a "hearing" pursuant to the terms of the CBA.

25. Washington Gas does not dispute that it received a copy of a transcript of the September 29, 2005 proceeding and a set of exhibits. Because it was not present on September 29, 2005, the Company has no knowledge of whether Mr. Arrigo directed that

-4-

those documents be provided to it. Washington Gas specifically disputes any reference to Mr. Arrigo as "arbitrator" of the parties' dispute following September 21, 2005. *Cf.* September 21 letter.

26.     Washington Gas does not dispute that it received a copy of a transcript of the September 29, 2005 proceeding and a set of exhibits. Because it was not present on September 29, 2005, the Company has no direct knowledge that the documents were complete, although it has no reason to dispute that they were. The Company does, however, dispute that the transcript and exhibits were records of a valid "hearing" held pursuant to the parties' CBA. *See* September 21 letter.

27.     Washington Gas does not dispute that it received a schedule by which Mr. Arrigo expected to receive briefs pursuant to the invalid, *ex parte* hearing over which he presided.

28.     Washington Gas does not dispute that it submitted a brief by "Special Appearance." In its brief, Washington Gas stated, in relevant part:

> Washington Gas continues to assert that the removal of the arbitrator was well within the Company's right to do and that the proceedings thereafter should not have occurred. Accordingly, Washington Gas makes this Special Appearance to preserve the Company's objections to the jurisdiction and authority of the former arbitrator to issue subpoenas, rulings, orders and decisions and to conduct a hearing at any time after September 21, 2005.

Application, Ex. E at 2, 4-8.

29.     The Company does not dispute that, without waiving its contention that the arbitration was suspended as of the moment that it exercised its right to remove the arbitrator from the panel, it went on to summarize its substantive arguments in defense of the grievance filed by Local 96. Application, Ex. E.

30. Washington Gas again disputes, based on his removal by the Company, that Mr. Arrigo was an "arbitrator" capable of rendering a valid "Opinion and Award Application" on the underlying grievance. The Company does not dispute that on December 31, 2005, Mr. Arrigo issued a document in which he purported to find for Local 96 on the underlying grievance. In Mr. Arrigo's invalid and unenforceable opinion, the erstwhile arbitrator considered and opined upon the parties' rights and duties pursuant to the CBA. *See* Arbtiration Decision in the Matter of Teamsters Local Union No. 96 and Washington Gas Light Co., Grievance No. 20-05-10, attached as Tab 2 to Defendant's Response to Order to Show Cause; Application, Ex. A.

31. Washington Gas continues to dispute that Mr. Arrigo was an "arbitrator" pursuant to the CBA as of his December 31 writing, or that his writing was capable of being termed an enforceable "Opinion and Award Application." *See* September 21 letter. Washington Gas does not otherwise dispute that Mr. Arrigo purported to find for Local 96 as described in ¶ 31 of Local 96's Statement of Undisputed Facts.

32. Washington Gas disputes that Mr. Arrigo's December 31, 2005 writing was an "Arbitrator's Opinion and Award" that was justified or empowered by the CBA in any way.

33. Washington Gas again disputes that Mr. Arrigo was an "arbitrator" capable of issuing an enforceable "award" pursuant to the CBA, but does not dispute that Local 96 tried to get Washington Gas to comply with the invalid opinion.

34. Washington Gas does not dispute that, since September 21, 2005, it has acted consistently with its position that Mr. Arrigo had been stricken as the arbitrator, and that therefore, any decision he purportedly rendered in the underlying arbitration between

the parties was necessarily invalid *ab initio*.  The Company specifically disputes, however that it failed to comply with the provisions of any properly issued "Arbitration Award," since none existed.  *See* September 21 letter.

35. Undisputed.

36. Again, Washington Gas disputes that (a) Mr. Arrigo was an arbitrator pursuant to the CBA following September 21, 2005, or (b) he issued an award capable of being enforced ***or, by extension, capable of being vacated***.  In other words, Washington Gas specifically disputes that, as of any date following September 21, 2005, there existed a valid opinion properly issued by an authorized arbitrator which Washington Gas could move to vacate.

                                                               Respectfully submitted,

                                                                _____/s/ Karen L. Vossler_____  
                                                                Robert L. Clayton (D.C. Bar No. 961474)  
                                                                Karen L. Vossler (D.C. Bar No. 476522)  
                                                                Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, LLC  
                                                                701 Pennsylvania Ave, N.W.  
                                                                Washington, D.C. 20004  
                                                                Tel: 202-434-7300  
                                                                Fax: 202-434-7400

                                                                Counsel for Defendant Washington Gas

Date:   June 19, 2006

WDC 387179v.1