IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 96,<br>affiliated with the INTERNATIONAL<br>BROTHERHOOD OF TEAMSTERS,<br>2120 Bladensburg Road, N.E., #106<br>Washington, D.C. 20018<br><br>              Plaintiff,<br>v.<br><br>WASHINGTON GAS LIGHT COMPANY,<br>6601 Industrial Road<br>Springfield, VA 22151<br><br>              Defendant. | Civil Action No. 06-0928 (ESH) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT**

Plaintiff Teamsters Local Union No. 96 ("Local 96" or "Union"), hereby submits its reply brief in support of its Motion for Summary Judgment. As explained below, the argument set forth by Defendant Washington Gas in its Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Summary Judgment ("Defendant's Opposition") is nothing more than a misguided effort to avoid application of the District of Columbia statutory provision that allows parties to challenge an arbitration decision. Reduced to its rather meager essence, the Company's argument is that when a party claims that an arbitrator had no authority to issue a decision in a particular case, such a situation falls outside the statutory provision that clearly contemplates a challenge based upon a party's claim that an arbitrator exceeded his authority. See D.C. Code § 16-4311(b). Such an argument defies common sense, is contrary to the specific language set forth in the D.C. Code and finally, this argument is also inconsistent with the manner in which this issue

has been handled in other jurisdictions which have an arbitration review statute similar to the District of Columbia statute. Accordingly, the Union respectfully requests that the Court grant its motion for summary judgment.

**ARGUMENT**

A vast majority of Defendant's Opposition is merely a repackaging of the same circular argument it has previously foisted upon this Court in the guise of its motion to dismiss. Such a sophistic approach does not warrant an extensive response. Accordingly, the Union limits its reply to the following three points.

First, in accordance with D.C Code § 16-4311, if either party wishes to challenge an arbitration award it must do so within 90 days of the decision. The challenge itself, however, can be pursuant to a number of different reasons outlined under D.C Code § 16-4311(a). One of the statutorily prescribed reasons for vacating an arbitration award is if the arbitrator exceeded his/her authority. See D.C Code § 16-4311(a)(3).

Despite the semantic games played by Washington Gas in its Opposition, by suggesting that Mr. Arrigo did not have the authority to conduct a hearing and issue a decision, Washington Gas is clearly suggesting that Mr. Arrigo exceeded his power. Accordingly, once Washington Gas received a copy of the Arbitrator's Opinion and Award, it should have sought to vacate the decision under D.C. Code § 16-4311(a)(3).

Second, with regard to Plaintiff's reliance on CWS Electric, the Defendant mistakenly attempts to distinguish this case solely on its facts. See Defendant's Opposition at 11. Here, CWS Electric is not merely cited for its factual similarity but rather its instruction as to *when* a Defendant must make certain arguments.

2

Pursuant to D.C. Code § 16-4311(b), each party has 90 days from the date it receives a copy of the decision to challenge the award. Like the company in CWS Electric, Washington Gas failed to raise any issue concerning the arbitration decision and award until after the 90 day period expired. Specifically, in CWS Electric, when the company responded to the union's motion for summary judgment it raised mistake or fraud as a defense *for the first time.* See Local Union 26, International Brotherhood of Electrical Workers v. CWS Electric, 669 F. Supp. 495 (D.D.C. 1986).

Here, similar to the CWS Electric case, in response to Plaintiff's action to confirm and enforce Mr. Arrigo's Opinion and Award, the Defendant presented its challenge to the Award *for the first time since Mr. Arrigo issued his decision.* The Defendant relies on the fact that it voiced its position as early as September 21, 2005, when it sent a letter to the Union purporting to remove Mr. Arrigo. Under the arbitration review statute, however, the critical time frame starts from the date the opinion was issued – December 31, 2005. Any complaints or requests prior to this date whether known or unknown are of no consequence. Moreover, Defendant could not simply write a letter to the arbitrator to preserve its arguments. Pursuant to D.C. Code § 16-4311, Defendant was required to file a motion to vacate the arbitration decision within 90 days. Defendant failed to do so and is unable to provide appropriate grounds for its failure.

Third and finally, the Union submits that what the Company is attempting to do in this case is nothing new. Courts from other jurisdictions have dealt with the same tactic employed here by Washington Gas as it seeks to avoid the application of an arbitration review statute. Towards that end, the Union submits that the case of International Brotherhood of Electrical Workers, Local Union No. 969 v. Babcock & Wilcox Construction Company, Inc, 826 F.2d 962

(10th Cir. 1987), is particularly instructive and the reasoning relied on in that case provides useful guidance for this Court.

In B&W Construction, a union brought suit to confirm and enforce an arbitration award against Babcock & Wilcox Construction Company, Inc. (the "Company"). Like the case at bar, the Company protested the validity of the arbitration decision - it suggested that the decision at issue was not an arbitration award and that the committee that issued the decision did not have authority to do so. B&W Construction, 826 F.2d at 964. As a result, it did not comply with the arbitration award. The Company, however, did not file an action to vacate the award. In response to the Union's efforts to confirm the award, the Company raised its argument with respect to the authority of the arbitration committee to issue a decision.

In accordance with the Uniform Arbitration Act, as adopted in Colorado, the union moved for summary judgment based upon the fact that the Company failed to raise its challenges within the allotted 90 day period. See Colo. Rev. Stat. § 13-22-214.[1] The district court first held that the award issued by the Joint Conference Committee was an enforceable arbitration decision. The court then it ruled that the Company "was barred from raising its affirmative defenses because it had failed to move to vacate the award within the time period for an action to vacate an arbitration award." B & W Construction, 826 F.2d at 964.

In affirming the district court's decision, the appellate court ruled that the defenses asserted by the Company could have been raised previously as grounds to vacate the award. Specifically, the court found that the Company should have raised the alleged lack of

---

[1] Just like the D.C. version of the Uniform Arbitration Act, Colo. Rev. Stat. § 13-22-214(2) states, in relevant part, "[a]n application [to vacate an award] under this section shall be made within ninety days after delivery of a copy of the award to the applicant; . . ."

4

authority/jurisdiction as a ground to vacate under Section 13-22-214(1)(a)(III).  Id. at 965.[2]  The Circuit Court ruled that the Company was out of time to make such arguments now.  Id. at 965-966.

Almost the precise facts present in B & W Construction are also present here.  Like the Company in B& W Construction, Washington Gas could have raised its challenge to Mr. Arrigo's authority as grounds to vacate the award he issued; however, it failed to raise any issue concerning the arbitration decision and award until after the 90 day period provided for by Section 4311 of the D.C. Code.  Indeed, similar to B & W Construction, the Defendant presented its challenge to confirmation of the Award in the form of affirmative defenses in a belated attempt to vacate the award.  Courts have uniformly and routinely held that "a defendant's failure to move to vacate the arbitration award within the prescribed time period precludes it from seeking affirmative relief in a subsequent action to enforce the award."  Id. at 966; see also Jaffe Associates v. Nocera Papermill Associates, 493 A.2d 1003, 1013 (D.D.C. 1985) (Defendant did not file a motion to vacate on grounds of personal liability within 90 days after the arbitration award.); Chauffeurs, Teamsters, Warehousemen and Helpers, Local Union No. 135 v. Jefferson Trucking Company, Inc, 628 F.2d 1023, 1025 (7th Cir. 1980) (In affirming the district court's holding not to allow the defendant to challenge the "propriety" of the arbitration award, the court held that a party is precluded from raising any affirmative defenses to enforcement of an arbitration award after it has failed to raise these defenses in a motion to vacate.); Service Employees International Union, Local No. 36, AFL-CIO v. Office Center Services, Inc., 670 F.2d

---

[2] In similar fashion to D.C. Code § 16-4311(a)(3), Colo. Rev. Stat. § 13-22-214(1)(a)(III) provides any party with the opportunity to challenge awards if: "[t]he arbitrators exceeded their powers."

5

404, 412 (3rd Cir. 1982) (Court agreed with Seventh Circuit that if a defendant has any defenses to an arbitration award he or she should raise them within the time frame allotted for actions to vacate instead of waiting to raise them as defenses in a routine confirmation hearing.); Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986) (An attempt to vacate an arbitration award cannot be made after the time to do so has expired even in opposition to a later motion to confirm.); Florasynth, Inc. v. Pickholz, 750 F.2d 171, 174-75 (2d. Cir. 1984)(A motion to vacate an award made after the three months permitted by statute is invalid.); Brotherhood of Teamsters and Auto Truck drivers Local No. 70 of Alameda County v. Celotex Corp., 708 F.2d 488, 490 (9th Cir. 1983) (The Court declined to consider Celotex's affirmative defenses to the arbitration award because it failed to move to vacate within the prescribed time period.).

     Moreover, even assuming that Washington Gas validly removed the arbitrator, it still knew of the arbitrator's rulings and award, and it failed to move to vacate the award. The Court in B & W Construction ruled that such a failure precludes the raising of subsequent objections to the validity of the award. See B & W Construction, 826 F.2d at 965 (In denying the company's request to have its affirmative defenses heard, the court ruled that "[e]ven assuming that B&W did not receive advance notice of the Joint Conference Committee hearing, it is uncontroverted that it did receive written notification of the committee's action, and did not thereafter move to vacate the arbitration award within the prescribed time period. That failure bars the raising of objections to the validity of the award. . . ."). As such, the failure by Washington Gas to timely challenge the Arbitration Opinion and Award is a critical error that it cannot overcome. Furthermore, to permit a party to forego a timely objection to the validity of an arbitration decision and allow that party to later raise its objections in a routine confirmation proceeding

would go directly against the policy of promoting quick and final resolutions to labor disputes.

The Defendant must accept responsibility for its actions. Washington Gas ignored the hearing, ignored Mr. Arrigo's Opinion and Award, and ignored the D.C. statute in place for challenging such decisions. Given these circumstances, to deny Plaintiff's Motion for Summary Judgment would be a great injustice.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that its Motion for Summary Judgment be granted.

Respectfully submitted,

      /s/ Mark J. Murphy
Mark J. Murphy, Bar No. 453060
Marc L. Wilhite
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, DC 20036
(202) 783-0010
(202) 783-6088 - fax

Counsel for Teamsters Local Union Number 96

Date:   June 26, 2006