**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| TEAMSTERS LOCAL UNION NO. 96, | ) | |
| affiliated with the INTERNATIONAL | ) | |
| BROTHERHOOD OF TEAMSTERS, | ) | |
| 2120 Bladensburg Road, N.E., #106 | ) | |
| Washington, D.C.  20018 | ) | |
| | ) | |
|        Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-0928 (ESH) |
| | ) | |
| WASHINGTON GAS LIGHT COMPANY, | ) | |
| 6601 Industrial Road | ) | |
| Springfield, VA 22151 | ) | |
| | ) | |
|        Defendant. | ) | |
| | ) | |

_____

**AFFIDAVIT OF MARK J. MURPHY IN SUPPORT OF PLAINTIFF'S APPLICATION**
**FOR ATTORNEYS' FEES AND COSTS**

I, Mark J. Murphy, declare the following in support of Plaintiff's Application for

Attorneys' Fees and Costs:

1.      I am an attorney with the law firm of Mooney, Green, Baker & Saindon, P.C.

("Mooney Green").

2.      Mooney Green serves as counsel to the Plaintiff, Teamsters Local Union No. 96

("Local 96" or "Union").

3.      My involvement in this case began shortly after the Union filed the underlying

grievance in this action.  Once Arbitrator Salvatore Arrigo issued his Opinion and

Award on December 31, 2005, I was the attorney responsible for seeking the

Defendant's compliance with, and later enforcing, Arbitrator Arrigo's Opinion

and Award.  After these efforts failed, I was responsible for preparing, editing,

and revising the Application to Confirm and Enforce the Arbitration Award, and

the Union's consolidated reply to the Court's Order to Show Cause. I also

prepared, edited, and revised the Union's Motion for Summary Judgment and its

Memorandum of Points and Authorities in support thereof, as well as the Union's

reply to Defendant's opposition to the Union's Motion for Summary Judgment.

Ultimately, on June 29, 2006, I appeared before this Court for a hearing on the

Union's Motion for Summary Judgment.

4.      Marc L. Wilhite of Mooney Green also provided counsel to Local 96 in this case.

Mr. Wilhite helped to prepare the Application to Confirm and Enforce the

Arbitration Award as well as the Union's consolidated reply to the Court's Order

to Show Cause. Mr. Wilhite also helped to prepare the Union's Motion for

Summary Judgment and its Memorandum of Points and Authorities in support

thereof, as well as the Union's reply to Defendant's opposition to the Union's

Motion for Summary Judgment.

5.      John R. Mooney, a senior partner at Mooney Green, as well as Mayoung Nham,

a law clerk were also involved in Mooney Green's legal services to Local 96 in

this case. In the exercise of business judgment, however, Local 96 is not

requesting that the Defendant pay for their hours.

6.      Local 96 is requesting that Defendant pay the prevailing market rate for time

that Mr. Wilhite and I billed the Union for this case.

7.      I am familiar with the "Laffey Matrix" created to determine the prevailing market

rate for an attorney's services in federal courts litigation in the District of

Columbia. The matrix is based on the holding in Laffey v. Northwest Airlines,

572 F. Supp. 354 (D.D.C. 1983), aff'd in part, rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir.1984), cert. denied, 472 U.S. 1021 (1985). In accordance with the current Laffey Matrix issued by the U.S. Attorney's Office for the District of Columbia, during my billing periods for this case, January 2006 through June 2006, as an attorney with 10 years experience, the prevailing market rate for my services is $290 per hour. For Mr. Wilhite, during his billing periods for this case, March 2006 through June 2006, as an attorney with 6 years experience, the prevailing market rate for his services is $235 per hour.

8.    I have attached redacted copies of the monthly statements that Mooney Green has provided to Local 96 in connection with this matter. I have reviewed the hours billed, and I have determined that they are an accurate record of the attorney work performed during the course of this litigation. From January 2006 through June 29, 2006, excluding certain fees that are not being requested, Mr. Wilhite and I billed a total of 98.2 hours on this case. Based on my 10 years experience practicing exclusively as a labor attorney and my work on similar matters, the amount of time billed in this case is reasonable. In accordance with the rates determined by the Laffey Matrix, the total amount that Local 96 is entitled to is $24,903.

9.    I have also attached redacted copies of the monthly cost statements that were provided to Local 96 in connection with this litigation. I have reviewed the costs billed, and I have determined that they are an accurate record of the costs expended on behalf of the Union during the course of this litigation. The total amount that Local 96 is entitled to is $145.02. Based on my 10 years experience, this amount for costs is reasonable.