IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 96, ) <br> affiliated with the INTERNATIONAL ) <br> BROTHERHOOD OF TEAMSTERS, ) <br> 2120 Bladensburg Road, N.E., #106 ) <br> Washington, D.C. 20018 ) <br>　　　　　　　　　　　　　　　　) <br>　　　　　　　Plaintiff, ) <br>　　　　　　　　　　　　　　　　) <br>　　v. ) <br>　　　　　　　　　　　　　　　　) <br> WASHINGTON GAS LIGHT COMPANY ) <br> 6601 Industrial Road ) <br> Springfield, VA 22151 ) <br>　　　　　　　　　　　　　　　　) <br>　　　　　　　Defendant. ) | Civil Action No. 06-0928(ESH) |

**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT
SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Pursuant to 18 U.S.C. § 401 and Local Rule 7(a) of the United States District Court for the District of Columbia, Plaintiff Teamsters Local Union No. 96 (the "Union"), by and through its undersigned counsel, hereby moves this Court for an Order directing Defendant Washington Gas Light Company to show cause why it should not be held in contempt of court for failing to comply with this Court's June 29, 2006 Order. In support of this motion the Union states the following:

1. On April 13, 2006, Local 96 filed its Application to Confirm and Enforce the Arbitration Award ("Application to Confirm") with the District of Columbia Superior Court. The Application to Confirm was filed pursuant to D.C. Code §§ 16-4310 and 16-4315.

2. On May 16, 2006, the Defendant removed the Application to Confirm to this Court, and on May 19, 2006 this Court, *sua sponte*, ordered that Defendant show cause why this case should not be remanded to the Superior Court for want of jurisdiction.

3. On May 23, 2006, the Defendant filed with this Court a Motion to Dismiss the Union's Application to Confirm, citing Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Thereafter, the Defendant also filed its response to the Court's Order to Show Cause on May 30, 2006.

4. On June 8, 2006, Local 96 filed its consolidated reply to the Court's Order to Show Cause and its Memorandum of Points and Authorities in Support of its Motion for Summary Judgment.

5. On June 19, 2006, Defendant filed its response in opposition to the Union's Motion for Summary Judgment.

6. On June 26, 2006, the Union filed its Reply to Defendant's opposition and provided further support for its Motion for Summary Judgment. That same day, the Court issued an Order setting a motions hearing for June 29, 2006 at 10:45 a.m.

7. The motions hearing was held on June 29, 2006. Both parties appeared and were represented by counsel. After brief oral argument on the outstanding motions, the Court issued a ruling from the bench denying Defendant's Motion to Dismiss and granting the Union's Motion for Summary Judgment. In so ruling the Court granted the Union's Application to Confirm and Enforce the underlying

arbitration decision. The Court issued a written order dated June 29, 2006 which was consistent with its bench rulings.

8. Thereafter, the Union contacted the Company several times requesting that it comply with the Court's June 29, 2006 Order. Specifically, the Union's president, William B. Gibson, left voice mail messages for Stephen Savage, the Company's Labor Relations Director, concerning the Court's Order. See Affidavit of William B. Gibson, at ¶ 4 (A copy of this Affidavit is attached hereto as Exhibit 1). The Union also sent a letter to the Company demanding compliance with the Court's Order. Id. at ¶ 5. Despite these efforts, the Company has taken no steps to comply with the Court's Order. Id. at ¶ 6.

9. It is well settled that courts have both an inherent and a statutory power to enforce compliance with their orders through civil contempt proceedings. See Securities and Exchange Commission v. Bilzerian, 112 F. Supp.2d 12, 16 (D.D.C. 2000) citing Shillitani v. United States, 384 U.S. 364, 370 (1966), Petties v. District of Columbia, 897 F. Supp. 626, 629 (D.D.C. 1995); SEC v. Current Fin. Servs., Inc., 798 F. Supp. 802, 806 (D.D.C. 1992); and 18 U.S.C. § 401.

10. As recognized by the Supreme Court, "the power of the courts to punish for contempt is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of duties imposed upon them by law. Without it they are mere boards of arbitration, whose judgments and decrees would only be advisory." Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 450 (1911).

11. A party requesting a finding of civil contempt must typically establish by clear and convincing evidence that (1) a court order was in effect; (2) the order required certain conduct by the offending party; and (3) the offending party failed to comply with the court's order. See Bilzerian, 112 F. Supp.2d at 16.

12. In this case, the three threshold factors for a finding of contempt are easily satisfied. First, there can be no dispute that the Court's June 29, 2006 Order has been in effect since that date. Moreover, it has been more than 10 days since the Court issued its Order, therefore the automatic stay provided in Rule 62 of the Federal Rules of Civil Procedure has expired. Second, it is also undisputed that by confirming and enforcing the underlying arbitration decision in its June 29, 2006 Order, the Company's compliance with the arbitration award was required by the Court. Finally, there is also no dispute that the Company has taken absolutely no steps to comply with this Court's June 29, 2006 Order, despite repeated requests by the Union seeking compliance.

13. As the Union has documented in its previous filings in this case, from the outset of the arbitration proceedings, the Company has engaged in questionable conduct that has accomplished nothing but required the Union to expend significant resources to enforce the rights of its members under the collective bargaining agreement. The Company has now employed these same deplorable tactics in response to this Court's June 29, 2006. By ignoring the Court's Order, it has required the Union to expend additional resources in order to initiate this contempt proceeding.

14. Based upon the above facts, the Union respectfully requests that the Court issue an Order directing Defendant to show cause why it should not be held in contempt of court for its failure to comply with the June 29, 2006 Order confirming and enforcing the underlying arbitration decision.

Respectfully submitted,

_____/s/ Mark J. Murphy_____
Mark J. Murphy, Bar No. 453060
Marc L. Wilhite
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, DC 20036
(202) 783-0010
(202) 783-6088 - fax

Counsel for Teamsters Local Union Number 96

Date:  July 20, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 96, affiliated with the INTERNATIONAL BROTHERHOOD OF TEAMSTERS, 2120 Bladensburg Road, N.E., #106 Washington, D.C. 20018<br><br>       Plaintiff,<br><br>  v.<br><br>WASHINGTON GAS LIGHT COMPANY 6601 Industrial Road Springfield, VA 22151<br><br>       Defendant. | Civil Action No. 06-0928(ESH) |

**ORDER**

Defendant Washington Gas Light Company is **ORDERED** by July 28, 2006 to show cause why it should not be held in contempt for failing to comply with the Court's June 29, 2006 Order; and it is further

**ORDERED** that Plaintiff Teamsters Local Union No. 96 may file a reply to Defendant's response by August 7, 2006.

_____
Ellen Segal Huvelle
United States District Judge

Copies to:

Mark J. Murphy
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, D.C. 20036

Karen L. Vossler
Robert L. Clayton
Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, LLC
701 Pennsylvania Ave., N.W.
Washington, D.C. 20004