1              UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA
2      ---------------------------X

3      TEAMSTERS LOCAL UNION NO. 96    CIVIL ACTION NO.  06-0928

4                      Plaintiff

5                   v.

6      WASHINGTON GAS LIGHT COMPANY,

7                      Defendant,

8      ---------------------------X        Washington, D.C.
                                           Tuesday, June 29, 2006
9                                          10:42 A.M.

10                  TRANSCRIPT OF HEARING
            BEFORE THE HONORABLE ELLEN SEGAL HUVELLE
11               UNITED STATES DISTRICT JUDGE

12     APPEARANCES:

13     For Plaintiff:      MARK J. MURPHY, Esquire
                           MARC WILHITE, Esquire
14                         Mooney, Green, Baker & Saindon
                           1920 L Street, N.W., Suite 400
15                         Washington, D.C.  20036-5041
                            (202) 783-0010
16
       For Defendant:      KAREN L. VOSSLER, Esquire
17                         ROBERT CLAYTON, Esquire
                           Mintz, Levin, Cohn, Ferris,
18                            Glovsky & Popeo, P.C.
                           701 Pennsylvania Ave., N.W., Suite 900
19                         Washington, D.C.  20004
                           (202) 434-7370
20

21     Court Reporter:       Lisa Walker Griffith, RPR
                             U.S. District Courthouse
22                           Room 6409
                             Washington, D.C.  20001
23                            (202) 354-3247

24

25     Proceedings recorded by mechanical stenography, transcript
       produced by computer.

# P R O C E E D I N G S

THE DEPUTY CLERK:   This is civil action 06-928.

Teamsters local union number 96 versus Washington Gas Light

Company.    Karen Vossler and Robert Clayton for the Defendant.

Mark Murphy for the plaintiff.

THE COURT:   Good morning.   The Court is prepared to

take up the motions.   It appears that arguably I have subject

matter jurisdiction.   I feel that the case does involve the

collective bargaining agreement and it's substance.   So, I am

prepared to rule on the motions.

Is there anything that either party wants to add?

First, Washington, Gas, you are arguing it is not right

because there is no arbitration order?

Do you have any case on point?

MS. VOSSLER:   Karen Vossler, Your Honor, for

Washington Gas Light Company, today.

We are here today to ask the Court actually to

dismiss the plaintiff's application.

THE COURT:   On the grounds that it is not right.

MS. VOSSLER:   That is correct.

THE COURT:   I understand that.   I'm asking if you

have any case on point.

MS. VOSSLER:   Well, the interesting thing is that

the cases that are cited, this case sort of falls outside the

realm of cases that we were able to locate.   The cases that we

1    have been able to locate and that the union has cited in their

2    papers, have all been specifically focused on cases that are

3    arise under the D.C. arbitration statute, under one of the

4    five enumerated statutory grounds.

5            THE COURT:  But the same ground exists under the

6    labor laws, whether or not -- to be frank, your argument, I

7    don't understand how you can take it out of the statute that

8    says that your defense is he didn't have -- you're arguing he

9    didn't have jurisdiction to go forward because you exercised

10   the right to remove the arbitrator, Mr. Arrigo.

11           MS. VOSSLER:  Your Honor, respectfully, we are not

12   arguing that the arbitrator did not have jurisdiction.  We're

13   arguing that the arbitrator, his appointment as an arbitrator

14   had been terminated by the action on September 21.  And at

15   that point, he was no longer an arbitrator.  So no arbitrator

16   has heard this case.

17           THE COURT:  I don't understand the difference

18   between that argument and he has no jurisdiction to proceed

19   because he doesn't basically have the authority.

20           MS. VOSSLER:  Well, the jurisdictional argument, as

21   I understand it, Your Honor, is predicated upon the fact that

22   there is an arbitrator who is duly appointed under the

23   collective bargaining agreement who is in fact hearing the

24   matter and deciding the matter.

25           THE COURT:  You say some way or another it's void ab

1    initio.    Do you argue that I can't go to the merits of the

2    position of Arrigo?    I don't know that they don't put me in a

3    position of having to, but--

4              MS. VOSSLER:    The only issue here, the key issue

5    here, the key fact is the language of the contract.

6              THE COURT:    But I'm asking you whether you think I

7    should be reaching that issue.

8              MS. VOSSLER:    Your Honor, we think that this case

9    turns on that issue, that in fact if, the company would submit

10   that, as of its September 21 action in removing or terminating

11   the appointment of Mr. Arrigo as arbitrator, everything

12   thereafter that Mr. Arrigo did was invalid, was void and null.

13

14             Under the terms of contract, the appropriate next

15   step would be, as the company tried to do, is to appoint the

16   next arbitrator and pick the arbitration--

17             THE COURT:    Don't you think the company would have

18   been, was proceeding a bit at risk after the arbitrator says,

19   he issues an order saying that you can come and make the

20   argument before me but I'm going forward?    And you chose not

21   to come?    That's pretty risky strategy, I would say.

22             MS. VOSSLER:    Well, Your Honor, the company's

23   position again is that, it had no obligation to appear before

24   Mr. Arrigo any more than if the union had selected somebody

25   off the street and brought them in to hear the case.

1    off the street and brought them in to hear the case.

2          At that point effectively, Mr. Arrigo was a non

3    entity in terms of the contract, in the realm of the contract.

4    At that point, the company was focused on proceeding under the

5    contract terms to pick the next arbitrator, which it did,

6    Michael Murphy.  And proceeding to engage with the union

7    within two days of its notification to the union of its

8    decision.

9          I would like to go back to that decision for a

10   moment, if I may, Your Honor, that is to say, that contractual

11   language is important for what -- as important for what it

12   does not say as for what it does say.

13         THE COURT:  Yeah, but their argument is I don't ever

14   reach it because you didn't raise it.  I understand, thank

15   you.

16         Let hear from the union briefly, please.

17         MR. MURPHY:  Yes, Your Honor.  Mark Murphy again on

18   behalf of the Union.  With me today is also Mr. William

19   Gibson, President of the Union and Associate Marc Wilhite from

20   my firm.

21         With respect to the issue of the authority, Your

22   Honor, we made fairly clear in our papers, I believe, that our

23   position is, it's a semantic game that Washington Gas is

24   playing.  That, the D.C. Code specifically provides one of the

25   challenges when a company is seeking to vacate, or a party is

1  specific provisions is that the arbitrator exceeded his

2  authority.  That is clearly what they're arguing here.  That

3  by acting, he exceeded his authority because he had no

4  authority.

5       We, as we said in our papers, as we point out in the

6  case law that we provided to you in the support of our

7  position, both within this district and on other

8  jurisdictions, that clearly falls within the 90 day period.

9       They should have raised that.  They knew about it.

10  They were on notice.  This is an arbitrator that was on the

11  panel.  This is not someone off the street, as Ms. Vossler

12  says.  This is someone who engaged the parties, and made

13  preliminary ruling.

14       Our position is they should have raised it if they

15  had a problem with his order and decision.  They had 90 days

16  to raise it.  They didn't raise it in 90 days.  They're

17  timely.  We're seeking to affirm and enforce the arbitration

18  decision.

19       THE COURT:  I hope for your sake that I'm right to

20  exercise jurisdiction.  It is troublesome.

21       MR. MURPHY:  Can I speak to that for a moment?

22       THE COURT:  Right.  They removed it and under your

23  theory of how we're going here, not under theirs, I don't know

24  whether there is a well pled complaint or not.

25       MR. MURPHY:  If you would like me to speak to the

1    jurisdiction, the Union's position is we had a choice to

2    proceed, an option to either proceed before this Court or

3    before the D.C. Superior Court.  And if we had proceeded in

4    front of this Court, Your Honor, we would submit that the

5    proceeding would follow along the same lines as it did in C.

6    W. S. Electric, the case we cited to.

7            We would have brought this case under section 301 of

8    the Labor Management Relations Act.  That act specifically

9    allows unions to be sued or sue for breeches of contract.

10   Collective Bargaining Agreement is a contract.  And what we

11   would have been arguing, which has been argued by parties

12   many, many times in the past in federal court, is that  the

13   grievance process, which is a provision of the contract, has

14   not been followed.

15           That would be the violation that would trigger 301

16   jurisdiction.  I would point, Your Honor, to the cases that we

17   cite within this jurisdiction and also the Steel Workers

18   trilogy case from the Supreme Court which talks about the

19   ability of federal courts to limited review of arbitration

20   decisions.

21           THE COURT:  There is no question, had you invoked

22   301, we wouldn't have the discussion.  And you had that

23   option, correct?  Is that what you're saying?

24           MR. MURPHY:  Correct.

25           THE COURT:  I agree with that.

1          Could you point me to -- one of the decisions that

2    you appended was written by Judge Green,  Joyce Green.  Does

3    that ring a bell?

4          MR. MURPHY:  I think that was the Washington

5    Hospital Center decision.

6          THE COURT:  Was that appended by the defendants?

7          MR. MURPHY:  No, we did that.

8          THE COURT:  I just want to see it.

9          MR. MURPHY:  It should have been attached to our

10   pleadings.

11         THE COURT:  The reply,  the consolidated reply?

12         MR. MURPHY:  I think it would have been the

13   consolidated reply.  I have a copy right here if you would

14   like to --

15         THE COURT:  I have it.  Here it is.  But this does

16   not relate to the issue of raising the defense -- I see, you

17   were citing it from footnote two, about waiving the time

18   limit.

19         MR. MURPHY:  That's right.  The case, we had

20   proceeded on a 301 which we could have, then the case would

21   have proceeded again much along the same lines as the C. W. S

22   case.  I imagine the company where it raised what they claim

23   was the effect of the arbitrator.  It would have been an

24   affirmative defense; we would have cited to the same cases and

25   really, we would be here today in the same position.

THE COURT:  They also though have the same grounds under the federal statute for attacking an arbitration award?

MR. MURPHY:  Exactly.

THE COURT:  It exceeded the authority.

MR. MURPHY:  That's right.

THE COURT:  You agree with that, counsel for Washington Gas?

MS. VOSSLER:  Yes, Your Honor.

THE COURT:  All right.  Thank you.

MR. MURPHY:  Thank you.

THE COURT:  The Court has considered this as being a close case on the question of subject matter jurisdiction. There is no question, had it been brought under 301 of labor laws, it would belong here.  It does raise questions, certainly the motion to dismiss goes to the heart of the Collective Bargaining Agreement.

The defendant argues basically that, when they exercised what they perceived as their right under the C. B. A. to remove Mr. Arrigo after he started the arbitration, and issued some rulings that obviously the defendant didn't like, they decided to pick a new one and knock him off the panel.

Then he granted the Union's motion to keep going. But gave the defendant the opportunity to appear to argue this.  And in fact, the defendant ultimately did file a pleading with the arbitrator regarding both his jurisdiction

1    to proceed on the grounds that they had excluded him from the

2    panel list during the course of the arbitration proceeding.

3            And they also addressed the merits.  The arbitrator

4    obviously ruled against the employer on the merits after

5    having a hearing that the defendant chose not to attend.

6            Now, the Union has sought under the D.C. Statute to

7    enforce the arbitration award.  The construct or framework is

8    exactly the same way in the federal statute as in the D.C.

9    statute.  The law requires that, if the defendant, Washington

10   Gas, had an objection to the arbitration award, they were to

11   move within 90 days.  One of  grounds that they could have

12   moved upon was the lack of jurisdiction of Arbitrator Arrigo

13   to issue the opinion that he issued.

14           The case law is utterly clear to the Court.  Judge

15   Oberdorfer's opinion in C. W. S. Electric, 669 F. Supp.  495.

16   10th Circuit case, which is International Brotherhood,

17   reported at 826 F. 2d.,  I think it's 662, as well as Judge

18   Parker's decision in Sheet Metal Workers, reported at 622 F.

19   Supp. 116, if I'm not mistaken, the defendant here was

20   obligated to raise and move to vacate the award within 90

21   days.  Having not done so, they lose the ability to do so.

22           They proceeded at their own risk.  That is a

23   strategy that should not be condoned.  Arbitration is

24   precisely an order to get matters resolved in a timely

25   fashion.  To ignore the arbitrator's invitation to show up to

1    argue their position and for them to take the position that,

2    we believe that the C.B.A. is so clear that we don't have to

3    bother dealing with it, was in my view ill- advised and very

4    risky.  They had an obligation to preserve their rights to

5    make the argument.  But they, the defendant had the obligation

6    under the law to move to vacate that award within 90 days

7    under whether it be section 301 or the D.C. statute.

8         Therefore, the defendant proceeded at its own risk

9    and pays the consequence.  They cannot raise the defense.  If

10   I were to go on and reach the Motion to Dismiss, I don't find

11   an iota reason to disturb the arbitrator's ruling on

12   interpretation of the contract.  I supposed you could call it

13   dicta because the defendant is precluded from raising it now.

14        But I'm ruling in the event I'm wrong about the

15   procedural posture, having granted the summary judgment

16   motion, if the arbitrator's decision is not to be upset

17   casually, the law has a structure for arbitration.  The Court,

18   whether it would come out the same way or not is not the

19   issue.  He has issued a well reasoned opinion.  It is not an

20   unambiguous contract provision.  The notion would be, as he

21   says, preposterous, that you could have the arbitrator get all

22   the way to the end and then exercise a right to remove them.

23        It is one thing to remove somebody from the panel

24   before you begin.  It is quite another to wait until you get a

25   negative ruling and then exercise what you perceive to be a

1 right.  So if I were to reach the merits, for whatever it is

2 worth, the Motion to Dismiss on the merits would be denied.

3   I would cite to Judge Green's decision in the

4 Washington Gas.  That tells me that my, and she is quite

5 correct, it is reported at 1983 U. S. District Lexis, 16895;

6 Service Employees International Union versus the Washington

7 Hospital Center.

8   The notion of arbitration for unions and employers

9 would be grievously undermined by condoning the position of

10 the defendant here.  So, the motion to dismiss is denied.  And

11 the motion for the plaintiff is granted on summary judgment.

12 The award will be confirmed.

13   Is that part of your order?  You've sought to have

14 me confirm it.

15   MR. MURPHY:  Yes, it is, Your Honor.

16   THE COURT:  I don't know whether it's part of your

17 Motion for Summary Judgment.

18   I'm sorry to say, I find the defendant's position

19 really very upsetting in terms of the merits as well as the

20 procedural posture here.  I wish that they could raise their

21 position.  You are obligated under the law to raise it in a

22 way that the labor laws anticipate, and not to show disregard

23 for the law.

24   MR. MURPHY:  I believe the order was the same as we

25 had in the initial application.  I don't have a copy of the

1  had in the initial application.  I don't have a copy of the

2  order to provide.

3          THE COURT:  All right.  The Court will issue

4  something today.  For the reasons stated in open court, these

5  are the Court's rulings and opinions and a judgment will enter

6  today.

7          Anything further?

8          MR. MURPHY:  One other matter, the plaintiff is

9  entitled to cost under the statute.  We would ask for that as

10  well.

11          THE COURT:  You should submit something by way of an

12  affidavit itemizing.  I don't know what amount you have from

13  the time the judgment was entered to move for cause.  But

14  hopefully you can discuss it with the other side because there

15  will be costs.

16          Thank you.

17          MR. MURPHY:  Thank you, Your Honor.

18          (Whereupon, at 11:01 A.M., the hearing concluded.)

19

20

21

22

23

24

25

1

2

3                          CERTIFICATE OF REPORTER

4

5

6    I, Lisa Walker Griffith, certify that the foregoing is a

7    correct transcript from the record of proceedings in the

8    above-entitled matter.

9

10

11

12   _____        _____
     Lisa Walker Griffith, RPR              7-6-06
13   Date

14

15

16

17

18

19

20

21

22

23

24

25