IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**TEAMSTERS LOCAL UNION
NUMBER 96, affiliated with the
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS,
2120 Bladensburg Rd., N.E., # 106
Washington, D.C. 20018**

                Plaintiff,

v.                                    Case No. 1:06-cv-928 (ESH)

**WASHINGTON GAS LIGHT COMPANY,
6601 Industrial Rd.
Springfield, VA 22151**

                Defendant.

---

**WASHINGTON GAS LIGHT COMPANY'S REPLY TO
PLAINTIFF'S CONSOLIDATED RESPONSE AND OPPOSITION AND
REQUEST FOR EXTENSION OF TIME TO FILE
SUPPLEMENTAL AFFIDAVIT OF STEVEN SAVAGE**

Pursuant to Local Rule of Civil Procedure 7(d), Defendant Washington Gas Light Company ("Washington Gas" or the "Company"), by and through undersigned counsel, hereby submits its reply to Plaintiff's Consolidated Response to Order to Show Cause Order and Opposition to Defendant's Motion to Stay Execution of Order (the "Opposition"). Washington Gas submits that a concise reply is necessary to address various mischaracterizations of the pleadings and misstatements of law offered by Plaintiff in the Opposition. In addition, Washington Gas respectfully requests a brief extension of time *until August 15, 2006,* in order to file a supplemental affidavit from witness Steven Savage in response to allegations contained in the Opposition. In further

reply and in support of its request for an extension of time, Washington Gas states as follows.

1.  In its Opposition, Plaintiff Local Teamsters Union No. 96 ("Local 96" or "Plaintiff") attempts to make much of the Company's alleged "bad faith" as supposedly demonstrated by the Company's failure to comply with the decision issued by Salvatore Arrigo. This allegation of bad faith is unfounded and should be rejected by this Court. As the Union well knows, beginning upon its removal of Mr. Arrigo on September 21, 2005, and continuing thereafter, the Company believed and continues to believe that no valid arbitration proceedings ensued and that no valid award ever issued. Although ultimately this Court disagreed with the Company's interpretation of the relevant language in the collective bargaining agreement between the parties,[1] this does not render the Company's actions evidence of "bad faith." Needless to say, conduct occurring prior to the issuance of any court order is irrelevant to the issue of contempt.

2.  Moreover, Plaintiff's Opposition includes several broad and ultimately untrue factual assertions to this Court, including an allegation that the Company did not take any steps to comply with this Court's June 29, 2006 Order (the "June 29 Order") until after Plaintiff filed its Motion for An Order to Show Cause, see Opposition, p. 5, and an allegation that the elimination of the Inspectors classification somehow impacts public safety, see Opposition, pp. 8-9. Significantly, Plaintiff boldly makes these assertions without providing a shred of supporting evidence. This sort of vitriolic hyperbole should be disregarded by this Court.

---

[1] As the Court is no doubt aware, Washington Gas has asked that the District of Columbia Circuit Court of Appeals to review that decision.

3. Contrary to Local 96's allegation, and as indicated in its Response to Show Cause Order and supporting affidavits, upon issuance of the June 29 Order, the Company immediately set about analyzing how the Order might be implemented, and upon determining that implementation of the June 29 Order would result in irreparable harm to its operations, the Company filed its Motion to Stay Execution of Order pending its appeal to the Circuit Court. Plaintiff's suggestion that the Company should have discussed its operational issues with Local 96 is ironic given the fact that, rather than allow time following the Company's receipt of William B. Gibson's July 17, 2006 letter for any meaningful conversation between the parties following the Company's review process, Plaintiff immediately jumped to the ultimate conclusion that the Company was "acting in bad faith" and filed its Motion for Show Cause Order.[2]

4. Moreover, Plaintiff's makeweight argument regarding public safety is particularly troubling in light of the fact that Plaintiff has in the past *specifically admitted* that it has *no evidence* to support its allegations that the elimination of the inspector jobs poses a public safety issue. *See* Settlement Agreement, attached hereto as Tab 1.

5. Contrary to Local 96's Opposition, the Company's argument that it cannot merely flip a switch and undo structural changes that took two years to complete initially is neither "circular" nor "Orwellian." *See* Opposition, p. 7. Regardless of whether the operational changes were or ultimately will be determined, in part, to violate the collective bargaining agreement does not in any way contradict the fact that their reversal

---

[2] Plaintiff's argument is equally ironic based on the fact that — as Mr. Savage will attest if allowed an extension by this Court in which to file a supplemental affidavit — the Union refused to engage in effects bargaining with the Company upon notification of the Company's original decision to eliminate the disputed Inspector positions.

cannot be immediate. *See* Affidavit of Tracy L. Townsend, attached to Washington Gas' Response to Show Cause Order as Tab 2.

6. With respect to Plaintiff's arguments in opposition to the Motion to Stay, the Union misstates the issue of Washington Gas' appeal. The Company asserts that the line of precedent to which Local 96 cites does not apply where, as here, no competent arbitrator has heard a dispute between the parties. *Cf.* Opposition, at 9. Research indicates that this is a case of first impression in this jurisdiction and possibly in the country. The Company believes that, when presented with the issue, the Circuit Court will find that the Company's actions in removing Mr. Arrigo as an arbitrator was a valid exercise of its right under the clearly expressed language of the collective bargaining agreement, and that therefore, this matter is unripe for adjudication.

7. Finally, Washington Gas respectfully requests a brief extension of time until ***August 15, 2006***, in order to file a supplemental affidavit from witness Steven Savage in response to allegations in the Opposition. A brief extension is necessary because Plaintiff makes several statements in the Opposition concerning which Mr. Savage, who is unavailable this week due to a death in his immediate family, is the most competent witness to respond.

## **CONCLUSION**

Based on the foregoing, Washington Gas respectfully requests that it not be held in contempt of this Court's June 29 Order, and that its Motion to Stay Execution of Award pending appeal to the District of Columbia Circuit Court of Appeals be granted. Washington Gas further requests that this Court withhold its decision on the issues

pending before it until after the Company's submission of a supplemental affidavit of Steven Savage, to be filed on or before August 15, 2006.

        Respectfully submitted,

        _____/s/ Karen L. Vossler_____
        Robert L. Clayton (D.C. Bar No. 961474)
        Karen L. Vossler (D.C. Bar No. 476522)
        Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, LLC
        701 Pennsylvania Ave, N.W.
        Washington, D.C. 20004
        Tel: 202-434-7300
        Fax: 202-434-7400

        Counsel for Defendant Washington Gas

Date:   August 8, 2006

WDC 389314v.1