# MOONEY, GREEN, BAKER & SAINDON, P.C.

JOHN R. MOONEY*
PAUL A. GREEN†
MARILYN L. BAKER†
ELIZABETH A. SAINDON
MARK J. MURPHY†
DOUGLAS L. PARKER*
RICHARD C. WELCH
MARC L. WILHITE
MICHAEL L. ARTZ

ROBERT H. STROPP, JR
OF COUNSEL

* ADMITTED IN DC AND VA
† ADMITTED IN DC AND MD

SUITE 400
1920 L STREET, N.W.
WASHINGTON, DC 20036

TELEPHONE (202) 783-0010
FACSIMILE (202) 783-6088
INTERNET: www.mooneygreen.com

March 9, 2006

Patrice Latimer
Washington Gas
101 Constitution Avenue, N.W.
Washington, D.C. 20080

**VIA MESSENGER**

Re: Washington Gas and Teamsters Local Union No. 96
Settlement Agreement - WG-05-01

Dear Patrice:

Enclosed please find three original copies of the Settlement Agreement in the above referenced case that have been signed by the Union. Please obtain the signature of your client on these documents and send a fully executed original copy back to me for our files.

Thank you.

Sincerely,

Mark J. Murphy

Encl.

cc: William B. Gibson, III

SETTLEMENT AGREEMENT BETWEEN
WASHINGTON GAS AND TEAMSTERS LOCAL 96

Washington Gas ("Company") and Teamsters Local Union No 96 ("Local 96" or "Union") jointly referred to as "the Parties," do hereby enter into this Settlement Agreement (the "Agreement") which is effective only upon execution of this Agreement by all the Parties. The provisions of this Agreement are set forth below:

WHEREAS, Teamsters Local Union No. 96 upon learning of the Company's plan to eliminate certain Inspector job classifications, suggested to the Company and third parties – including local elected officials and government agencies – that the Union had safety concerns arising from the elimination of these Inspector job classifications.;

WHEREAS, Washington Gas submitted to Local 96 requests for statements or other information to support and specify the safety concerns and the Union, in response to the Company's requests, did not provide the statements or other information that would tend to support the concerns suggested to third parties. On April 8, 2005, the Company made an information request for specific documents related to the safety concerns. Local 96 challenged these requests as not related to the processing of a pending grievance and as impermissible discovery. The Company brought a grievance (#WG-05-01) challenging the refusal of Local 96 to provide the requested information, and the Company pursued this grievance to arbitration with the Union;

WHEREAS, the Company and Local 96 have discussed settlement of this grievance as provided for in the Labor Contract between the Company and Local 96 and the Parties desire to fully and finally settle all issues arising from this grievance;

HENCE, the Parties agree that pursuant to the terms of Article XXI (3) of the Labor Contract the Union Safety Committee or any member thereof is obligated by the Labor Contract to immediately notify the Company when it discovers what it considers to be an unsafe working condition.

FURTHER, Local 96 acknowledges that, upon request, the Union was obligated to provide "[a]ll memoranda, diaries, forms, logs, notes, correspondence, and any other documentation in the possession of Local 96 and made available to Local 96 by unit employees that support the Union's position that elimination of these classifications, as alleged in your letters in support of this grievance [Grievance No WG-05-01], 'posed a serious threat to public safety' and raises 'clear safety implications' and 'safety concerns.'"

FURTHER, Local 96 acknowledges and specifically states that Local 96 does not have, has not had at any time during the period from November 1, 2004 to the date of the execution of this agreement and is unaware of the existence of any of the above referenced safety-related documents.

Page 1 of 2   *WBA*. 3/7/06

FURTHER, the Parties acknowledge and affirm the safety commitments reflected in Article XXI, Sections 1-3 of the Labor Contract, specifically that:

Section 1.   The Company agrees that the safety of its employees is a matter of paramount importance to the Company and the Union.

Section 2.   Supervisors of the Company shall have responsibility to see that the work of the employees is performed in a safe manner. The Union agrees that the employees have an individual responsibility for safety.

Section 3.   The Company and the Union agree to continue to cooperate in the best interest of the safety of all employees.

Nothing contained herein waives the Company's right to pursue a grievance concerning any safety concerns expressed by Local 96 that are not presented to the appropriate management safety representative and the Union Management Safety Committee in accordance with Article XXI of the Labor Contract between the Company and Local 96. Likewise, nothing contained herein waives either parties' right to pursue a grievance in accordance with Article XXI or other relevant provisions of the Labor Contract concerning any safety concern. The parties further agree that nothing contained herein waives the right of either party to express its opinion and to communicate to third parties in any matter.

This Agreement represents a full and final settlement of Company Grievance No. WG-05-01.

The Parties agree that the foregoing Agreement represents the complete agreement between the Parties. The undersigned also do knowingly and voluntarily enter this Agreement without reservation after sufficient time to consult with counsel or other parties of their choosing. The signatories to this Agreement have the authority to sign.

Read, understood, and agreed to by:

TEAMSTERS LOCAL 96

BY: _____         3/7/06
William B. Gibson, III                       Date
President & Principal Officer

WASHINGTON GAS

BY: _____         _____
Stephen J. Savage, Manager                   Date
HR Compliance & Labor Relations