UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TEAMSTERS LOCAL UNION NUMBER 96, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Civil Action No. 06-0928 (ESH) ) |
| WASHINGTON GAS LIGHT COMPANY, | ) ) ) |
| Defendant. | ) ) ) |

### ORDER

Defendant has moved for a stay pending appeal. It seeks to stay this Court's Order of June 29, 2006, in which it granted plaintiff's motion to confirm and enforce the arbitration award that was issued by Arbitrator Arrigo on December 31, 2005. For the reasons stated below, the Court denies defendant's request for a stay.

A district court may grant a stay pending appeal pursuant to Fed. R. Civ. P. 62(c) upon a showing by the applicant (1) of a likelihood of success on the merits; (2) that it will be irreparably harmed if a stay is not granted; (3) that a stay will not injure any other parties to the lawsuit; and (4) that the stay furthers the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985). Defendant fails to meet this test.

First, defendant cannot demonstrate a likelihood of success on the merits. The Court has carefully considered the merits of defendant's position and has, for the reasons set forth in open court on June 29, 2006, found that defendant proceeded at its own risk when it chose not to seek to

vacate the arbitrator's award in a timely fashion, and that under the law, it has no legal basis for its continued resistence to the enforcement of the award. As a result, defendant cannot show any substantial likelihood of success.

Second, the Court is not convinced by defendant's claim of irreparable harm. It filed its motion for a stay over a month after the Court's ruling and only after the Union moved for an order of contempt. If anything, the Union has suffered greater harm than the Company since it has been unable to benefit from the relief it was awarded by the arbitrator in December 2005.

In short, given defendant's historical refusal to recognize the December 2005 arbitrator's award, the Court is unwilling to permit any further delay by granting a stay.[1]

Since the Court has denied a stay, the Court will entertain plaintiff's Motion for Contempt of Court unless the defendant successfully obtains a stay from the D.C. Circuit by August 31, 2006. In the absence of a stay, this matter is set for a contempt hearing on September 7, 2006, at 2:00 p.m., at which time defendant may present evidence if it so desires. However, the Court is also ordering the parties to attempt to resolve this matter forthwith so that a contempt hearing can be avoided.

Accordingly, it is hereby ordered that defendant's motion for a stay [# 15] is **DENIED**; plaintiff's motion for fees and costs [# 11] is **GRANTED**, and the requested monies must be paid

---

[1] Given the denial of a request for a stay, plaintiff's motion for fees of $24,903 and costs of $145.02 will be granted, since no opposition was filed as to the reasonableness of the request.

no later than August 31, 2006, and in the absence of a settlement or a stay issued by the Court of Appeals, a civil contempt proceeding will be held on September 7, 2006 at 2:00 p.m.

                                                                s/
                                        ELLEN SEGAL HUVELLE
                                        United States District Judge

Date:   August 15, 2006