UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 96, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-CV-0928 (ESH) |
| | ) |
| WASHINGTON GAS LIGHT COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Following a hearing on June 29, 2006, this Court issued an order granting plaintiff's

Motion for Summary Judgment and Application to Confirm and Enforce the Arbitration Award

that had been issued by Arbitrator Salvatore J. Arrigo on December 31, 2005.  In his award, the

arbitrator found that the employer, Washington Gas Light Company, had violated Article XV of

the collective bargaining agreement with the Teamsters Local Union No. 96 ("the union") by

transferring the work of Inspectors to supervisory personnel on February 9, 2005 and at all times

thereafter; that the employer shall reverse its decision eliminating Inspector classifications and

offer to all employees removed from the Inspector classifications the opportunity to accept

reinstatement to their previous Inspector positions without loss of seniority or any other

employee benefit and be made whole; and that the employer shall cease diverting traditional

Inspector work to supervisory positions and return the traditional Inspector work to Inspectors.

Following the issuance of this order and in the face of what appeared to be total

noncompliance by defendant, the union moved for an Order to Show Cause as to why defendant should not be held in contempt for failing to comply with this Court's June 29 Order. On July 28, 2006, the Court issued such an order and required defendant to respond by August 7, 2006.

In response, on July 28, 2006, defendant filed a notice of appeal and a belated Motion for a Stay of Execution Pending Appeal. *See* Fed. R. Civ. P. 62. This Court denied the stay on August 15, 2006, and ruled that in the absence of the issuance of a stay by August 31 by the D.C. Circuit or a resolution of this matter, a contempt hearing would be held on September 7. On August 30, 2006, the Court of Appeals denied the stay, but refused to summarily affirm this Court's order confirming the arbitration award.

On the day the hearing was scheduled, defendant informed the Court, despite its earlier protestations that compliance with the award was exceedingly complex and would require a "restructur[ing] of Washington Gas workforce and operations system in the relevant business unit" (Def.'s Resp. to Order to Show Cause at 5, July 28, 2006), that it had now complied with the arbitrator's award by instituting an "Implementation Plan". The Court, by order dated September 7, 2006, required defendant to explain by September 14 how it had complied with the arbitrator's award and why contempt was no longer appropriate and to address the Court's jurisdiction to determine compliance. The union was ordered to respond by September 19.

The Court has now reviewed these pleadings, as well as the arbitrator's decision and defendant's Implementation Plan. While the Court has grave concerns regarding the sufficiency of the Implementation Plan and whether it in fact satisfies the arbitrator's award, it also has serious reservations regarding the appropriateness of a court inserting itself into the resolution of this labor dispute. First, it is clear that the resolution of the matter of contempt is largely

dependent on whether the Implementation Plan complies with the arbitrator's award.  *See Wash. Metro. Area Transit Auth. v. Amalgamated Transit Union, Local 689*, 531 F.2d 617, 621 (D.C. Cir. 1976) ("Either substantial compliance or inability to comply is as much a defense in coercive contempt proceedings arising out of a labor dispute as in any civil contempt proceeding.").[1]  In this regard, the Court is mindful that it has a limited role in reviewing an arbitrator's decision, *see United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36-37 (1987), and "in enforcement actions courts may not go beyond an award to decide questions that the arbitrator did not decide."  *United Steelworkers v. New Idea Farm Equip. Corp.*, 917 F.2d 964, 968 (6th Cir. 1990) (citation omitted).  Moreover, while the award itself may seem straightforward, the Court cannot conclude with any confidence that defendant's Implementation Plan clearly falls short of satisfying the award's requirements.  To that extent, the Court is constrained to agree with the court's reasoning in *Case-Hoyt Corp. v. Graphic Communs. Int'l Union Local 503*, 5 F. Supp. 2d 154, 156 (W.D.N.Y. 1998), where the court concluded that it did "not have *de novo* authority to resolve the merits of the disputes that have arisen between the Union and the Company regarding the arbitration award."  This result is also consistent with circuit case law. *See, e.g.*, *Airline Pilots Ass'n, Int'l v. Pan Am. Airways Corp.*, 405 F.3d 25, 33-34 (1st Cir. 2005); *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 830-831 (10th Cir. 2005).

Given the law's clear preference for resolving labor disputes by means of arbitration, as

---

[1]With respect to the contempt motion, there are also factual disputes regarding whether defendant was diligent in its attempts to comply with this Court's June 29 Order and whether that Order was sufficiently clear and unambiguous to sustain a contempt finding, given the Court's failure to specify a date certain for compliance.  *See Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967); *Joshi v. Prof'l Health Servs., Inc.*, 606 F. Supp. 302, 306 (D.D.C. 1985), *aff'd*, 817 F.2d 877 (D.C. Cir. 1987).

well as the arguable ambiguity regarding whether defendant has complied with the arbitrator's

award, the Court will remand this matter to the original arbitrator to determine whether defendant

has complied with his decision, and, if not, why not.  This matter shall be addressed as

expeditiously as possible, and defendant may not relitigate any matter, including the arbitrator's

jurisdiction, but must cooperate fully with the arbitration proceedings so that a decision can be

reached as quickly as possible.  This Court will retain jurisdiction over this matter and will

reserve any further ruling on the issue of contempt.[2]


_____
              s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE:   September 25, 2006

---

[2]The Court would certainly appreciate any recommendation from the arbitrator on the matter of whether defendant has acted in good faith and, if not, what would be an appropriate remedy.

4