IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**TEAMSTERS LOCAL UNION NUMBER 96, affiliated with the INTERNATIONAL BROTHERHOOD OF TEAMSTERS,**
2120 Bladensburg Rd., N.E., # 106
Washington, D.C. 20018

           Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 1:06-cv-928 (ESH)

**WASHINGTON GAS LIGHT COMPANY,**
6801 Industrial Rd.
Springfield, VA 22151

           Defendant.

## MOTION FOR RECONSIDERATION AND TO CLARIFY SEPTEMBER 25 ORDER

Washington Gas Light Company ("Washington Gas" or the "Company") hereby moves for reconsideration of the Court's Order dated September 25, 2006 (the "September 25 Order") based upon the Court's acknowledgment of the ambiguity in its June 29, 2006 Order and because the Court has asked Salvatore Arrigo, on remand, to take an extra-arbitral act that is not authorized by the parties' collective bargaining agreement (the "CBA").[1]  In addition, the Company seeks clarification of the September 25 Order's mandate that Washington Gas refrain from "relitigat[ing] any matter, *including the arbitrator's jurisdiction*," (emphasis added) to the extent that this admonition may impact the Company's pending appeal before the D.C. Circuit

---

[1] To the extent that the Company refers in the present Motion to the "decision" or "award" of the "arbitrator" or to the "authority of the arbitrator" pursuant to the parties' collective bargaining, such referrals do not constitute a waiver of its argument, currently pending before the D.C. Circuit Court of Appeals, that Mr. Arrigo was properly removed as an arbitrator in this matter.

1

Court of Appeals.  In further support of its Motion, Washington Gas submits herewith its

Memorandum of Points and Authorities.

WHEREFORE, the Company respectfully requests that its Motion for Reconsideration and to Clarify September 25 Order be granted.

                Respectfully submitted,

                _____/s/_____
                Robert L. Clayton (D.C. Bar No. 961474)
                Karen L. Vossler (D.C. Bar No. 476522)
                Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, LLC
                701 Pennsylvania Ave, N.W.
                Washington, D.C. 20004
                Tel: 202-434-7300
                Fax: 202-434-7400

                *Counsel for Appellant Washington Gas Light Company*

                Date:   September 28, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**TEAMSTERS LOCAL UNION NUMBER 96, affiliated with the INTERNATIONAL BROTHERHOOD OF TEAMSTERS,**
**2120 Bladensburg Rd., N.E., # 106**
**Washington, D.C. 20018**

          Plaintiff,

v.     Case No. 1:06-cv-928 (ESH)

**WASHINGTON GAS LIGHT COMPANY,**
**6801 Industrial Rd.**
**Springfield, VA 22151**

          Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR RECONSIDERATION AND TO CLARIFY SEPTEMBER 25 ORDER**

Washington Gas Light Company ("Washington Gas" or the "Company") hereby moves for reconsideration of the Court's Order dated September 25, 2006 (the "September 25 Order") because (1) as a result of the Court's acknowledgment of the ambiguity in its June 29, 2006 Order (the "June 29 Order"), the Company cannot be held in contempt, and (2) the Court has asked Salvatore Arrigo, on remand, to consider matters well beyond the authority of an arbitrator pursuant to the collective bargaining agreement (the "CBA") between the parties.[2]  To wit, this Court has asked Mr. Arrigo to opine as to whether or not the Company's post-June 29 actions

---

[2] To the extent that the Company refers in the present Motion to the "decision" or "award" of the "arbitrator" or to the "authority of the arbitrator" pursuant to the parties' collective bargaining agreement, such referrals do not constitute a waiver of its argument, currently pending before the D.C. Circuit Court of Appeals, that Mr. Arrigo was properly removed as an arbitrator in this matter.

3

constitute good faith and, if not, what the remedy should be. *See* September 25 Order, n.2. In addition, the Company seeks clarification of the September 25 Order's mandate that Washington Gas refrain from "relitigat[ing] any matter, ***including the arbitrator's jurisdiction***," (emphasis added) to the extent that this admonition goes to the heart of the Company's pending appeal before the D.C. Circuit Court of Appeals.

In further support of its Motion for Reconsideration and to Clarify September 25 Order, Washington Gas states as follows.

## ARGUMENT

### I. Because The Court Has Acknowledged That The June 29 Order Was Ambiguous, The Court Should Find Washington Gas Not In Contempt

In its September 14 response to the Show Cause Order, the Company argued, among other things, that it could not be held in contempt for allegedly violating an order that was ambiguous to the extent that it contained no deadline for compliance.[3] *See* Memorandum of Law In Response To Court Order To Show Cause 11-14. In the September 25 Order, this Court agreed that its Order failed to specify a date certain for compliance. *See* September 25 Order, n.1. As a result of the Court's recognition that the June 29 Order provided no guidance to the Company as to its deadline for compliance with its June 29 Order, the Company respectfully requests this Court to reconsider its decision to reserve ruling on the contempt issue, and to instead issue an order finding the Company was ***not*** in contempt.

As noted in the Company's September 14 filing, a party may only be in contempt if that party fails to comply with an order that is ***clear and reasonably specific***. *See Broderick v. Donaldson*, 338 F. Supp. 2d, 30, 46 (D.D.C. 2004); *SEIU v. Children's Hospital Nat'l Med. Ctr.*, 604 F. Supp. 272 (D.D.C 1984); *see also United States of America v. Local 1804-1*, 44 F.3d

---

[3] The Order is also ambiguous for reasons discussed *infra* at p. 4.

1091, 1096 (2d Cir. 1995); *Joshi v. Professional Health Services, Inc.*, 606 F. Supp. 302, *aff'd* 260 U.S. App. D.C. 154, 817 F.2d 877 (D.C. Cir. 1987) (holding that defendant ***could not*** be in contempt of an order for a two month delay in compliance where the order in question provided no timeframe for compliance).

In *Joshi v. Professional Health Services, Inc.,* for example, the plaintiff claimed the defendant should be held in contempt for violating a consent judgment based upon the defendant's alleged failure to "promptly" take certain acts in furtherance of the consent judgment. 606 F. Supp. at 306. In that case, the defendant had failed to take the required action two months after the Order affirming the consent judgment. Judge Harris of this Court held that — because there was no specific date detailed in the consent judgment by which the court-ordered actions were to be taken — no language or directive to take action "promptly" and no specific date by which the contract had to be executed, the defendant's delay "[*could*] ***not be contemptuous of the order***." *Id*. at 305-06 (emphasis added).

Similar to the order in *Joshi*, the June 29 Order does not contain a specific date for compliance, which this Court has acknowledged in its September 25 Order. *See* September 25 Order, n.1. As a matter of law, then — ***and regardless of whether this Court ultimately finds that the Company has already completely or substantially implemented the June 29 Order*** — a finding of contempt ***cannot*** issue. *See Joshi*, 606 F. Supp. at 305-06. Indeed, even assuming that this Court finds that Company's actions after June 29, 2006 do not constitute complete compliance, Teamsters Union Local No. 96 (the "Union") cannot meet its burden to demonstrate ***by clear and convincing evidence*** that Washington Gas knew or should have known that

compliance with the June 29 Order was demanded by the Court **by July 20, 2006**, the date on which it filed its Motion for Show Cause Order.[4]

Significantly, the June 29 Order is also ambiguous to the extent that it fails to "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained," as required by Rule 65(d) of the Federal Rules of Civil Procedure. *See Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 74-76 (1967) (finding that because the district court's decree in a labor dispute merely specifically enforced an arbitrator's award, which itself was unclear as to what it demanded, the defendant's failure to comply did not constitute contempt). Like the order at issue in *Int'l Longshoremen's Ass'n*, this Court's June 29 Order merely states that the Union's "Application to Confirm and Enforce the Arbitration Award is **GRANTED**. . . ." As has become evident, however, through the parties' most recent pleadings on the issue of contempt and recognized by this Court in its September 25 Order at pp. 3-4, the import of this directive is less than clear.

"An ambiguous order redounds to the benefit of the person charged with contempt." *Joshi*, 606 F. Supp. 306 (citing *Ford v. Kammerer*, 450 F.2d 279, 280 (3rd Cir. 1971)). Therefore, Washington Gas requests that on reconsideration, this Court hold that the Company is not in contempt of its June 29 Order.

---

[4]    A finding that Washington Gas refused or failed to comply in the absence of a specific time deadline, therefore, can only be based upon a finding that the Company was provided *a reasonable time* within which to comply. For example, as noted in the Company's September 14 filing, courts have interpreted other rules of civil procedure addressing a party's failure to comply with an order "within time specified" as meaning "within a reasonable time, under the circumstances," where a judgment does not designate a certain time for compliance. *See* Fed. R. Civ. P. 70; *and Flinn v. Rains (In re Rains)*, 338 BR 99, 102-03 (E.D. Cal. 2006).
    Here, because the Court's June 29 Order lacked a deadline for compliance, it follows that the Company had a reasonable time within which to comply. The Union filed its Motion for Order to Show Cause just ***three weeks*** after the issuance of the June 29 Order. Given the substantial steps taken by Washington Gas and the circumstances facing it following the issuance of the June 29 Order, described in detail in its September 14 filing at pp. 6-8, and supporting affidavits, Washington Gas simply cannot be said to be in contempt. *Cf. Joshi*, 606 F. Supp. at 306 (failure to comply within two months of court's order not contemptuous).

## II. The Arbitrator Lacks Authority Under the CBA To Submit An Opinion As To Whether The Company's Post-June 29, 2006 Conduct Was In Good Faith

Even if the Court declines to issue an order specifying that Washington Gas is not in contempt of the June 29 Order, the Company also seeks reconsideration of the September 25 Order because and to the extent that the Court has requested that Mr. Arrigo, on remand, to make that determination for this Court.

In footnote 2 of the September 25 Order, this Court welcomed "any recommendation from the arbitrator on the matter of whether defendant has acted in good faith and, if not, what would be an appropriate remedy." In this respect, the Court has effectively asked Mr. Arrigo to determine whether Washington Gas is in contempt of its June 29 Order and, if so, what remedy the Court should issue. The relevant provision of the CBA, however, does not allow for the arbitrator to take the steps requested by this Court. *See* 2004-2007 Labor Contract (the "CBA"), attached to Application to Confirm and Enforce the Arbitration Award at Tab B. Rather, pursuant to the CBA, the arbitrator's jurisdiction is limited to interpreting and applying the provisions of the CBA "***only to the extent necessary to determine and decide the grievance***." *Id.*, Article XVIII, § 17(a). Of particular significance, the CBA provides that:

> [t]he arbitrator ***shall not have jurisdiction or authority to*** . . . consider any claim not raised during the grievance procedure or to impose or fashion any remedy inconsistent with or specifically prohibited by [the CBA] or any remedy not sought by the grievant/aggrieved party or Union during the grievance procedure. Further, the arbitrator may apply (not interpret) federal and state laws, and regulations and requirements that may be imposed by regulatory agencies having jurisdiction over the Company.

*Id.*, Article XVIII, § 17(a) (emphasis added).

Hence, the CBA does not allow an arbitrator to determine whether Washington Gas' conduct constitutes "good faith" in complying with a subsequent court order enforcing his award. Similarly, an arbitrator lacks authority under the CBA to determine an appropriate

7

remedy outside the scope of the CBA — for example, what the remedy for contempt of court should be. Such a determination, even if pursuant to a directive by this Court would place the arbitrator in the tenuous position of having to render a judgment that would exceed the scope of this CBA authority, and thereby be subject to a limited motion to vacate.

Although, in its September 14 filing, the Company indeed suggested, based on relevant case law, that the Court remand this matter to the arbitrator for a determination of any further disputes concerning the implementation of Mr. Arrigo's award — in particular, the Union's request for or extraordinary relief in the form of damages and the parties' disputes regarding implementation — this suggestion was by no means a request that the Court defer to the arbitrator to decide whether, as a factual matter, the Company is in contempt of the Court's June 29 Order. Significantly, in the *Case-Hoyt* case cited by Washington Gas in its September 14 filing and relied upon by this Court in its September 25 Order, the Western District of New York concluded that "the Union's attempt to embroil [the c]ourt in the merits of the underlying dispute — albeit, under the guise of a contempt proceeding — ***is improper***." *Case-Hoyt Corporation v. Graphic Communications Int'l Union Local 503*, 5 F. Supp. 2d 154, 156 (W.D. N.Y. 1998) (remanding the parties' disputes over implementation of the arbitrators award and how to calculate the remedy provided there under to the jurisdiction of the arbitrator) (emphasis added). Upon remand to the arbitrator, the district court in *Case-Hoyt* ***denied the union's motion for contempt***. *Id.* at 157. That is precisely the action that this Court should take on reconsideration of the September 25 Order.

### III. Clarification Regarding The Prohibition on "Relitigating" The Arbitrator's Authority Is Necessary

Washington Gas requests further clarification of the September 25 Order to the extent that the Court has ordered the Company to refrain from "relitigat[ing] any matter, including the

8

arbitrator's jurisdiction. . . ." September 25 Order, p. 4. As this Court is aware, the Company is currently litigating this very issue before the Court of Appeals for the D.C. Circuit, and does not wish to waive its right to an appeal.[5] Consequently, Washington Gas seeks clarification that the Court's reference to "relitigating . . . the arbitrator's jurisdiction" in the September 25 Order refers *solely* to any subsequent proceedings *before Mr. Arrigo* regarding implementation of his award, and does not, in any way, seek to prohibit or limit the Company from pursuing its appeal. Moreover, the Company's participation in any subsequent proceedings before Mr. Arrigo with respect to the implementation of his award does not constitute and should not be construed as acquiescence to his authority or a waiver of the Company's argument on appeal to the D.C. Circuit Court that Mr. Arrigo was properly removed as an arbitrator.

## CONCLUSION

Based on the foregoing, the Company's Motion for Reconsideration and to Clarify September 25 Order should be granted.

          Respectfully submitted,

          /s/
          Robert L. Clayton (D.C. Bar No. 961474)
          Karen L. Vossler (D.C. Bar No. 476522)
          Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, LLC
          701 Pennsylvania Ave, N.W.
          Washington, D.C. 20004
          Tel: 202-434-7300
          Fax: 202-434-7400

          *Counsel for Appellant Washington Gas Light Company*

          Date:   September 28, 2006

---

[5] Most recently, the D.C. Circuit Court of Appeals denied the Union's Motion for Summary Affirmance of this Court's decision, and ordered that the matter should proceed for briefing to address this Court's subject matter jurisdiction.

WDC 391194v.1