IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TEAMSTERS LOCAL UNION NO. 96 ,**<br><br>            **Plaintiff,**<br><br>      v.<br><br>**WASHINGTON GAS LIGHT COMPANY,**<br><br>            **Defendant.** | Case No. 06-CV-0928 (ESH) |

**NOTICE REGARDING REMAND PROCEEDINGS**

Plaintiff Teamsters Local Union No. 96 hereby submits this notice regarding remand proceedings in the above captioned case. By Order dated September 25, 2006, the Court concluded that this matter should be remanded to the Arbitrator in order "to determine whether defendant [Washington Gas] has complied with his [December 31, 2005] decision, and, if not, why not." In a supplemental decision dated October 19, 2006, Arbitrator Arrigo issued his decision with respect to the issue of compliance. A copy of the Supplemental Decision is attached hereto as Exhibit A.

The Arbitrator has ruled that the "Implementation Plan" imposed by the Company the day before the scheduled contempt hearing does not comply with his December 31, 2005 Award. In so ruling, the Arbitrator states that the Company's "Implementation Plan:"

> while giving lip-service that it is re-establishing the Inspector classifications and offering reinstatement to 28 former Inspectors, miraculously results in one (1) position for one (1) former Inspector. Before the Employer's impermissible elimination of the Inspector classifications by transferring the work to supervisory personnel, there were 28 positions, and under the "Implementation

> Plan" there is one (1) position. This is not compliance with my award. It is merely a phantom re-establishment of the Inspector classifications and offer of reinstatement.

See Supplemental Decision at 3. The Arbitrator concludes by stating that

> to comply with my decision and award the Employer is required to actually re-establish the Inspector classifications and the 28 Inspector positions with traditional Inspector work within those classifications **as they existed prior to the February 9, 2005, elimination of the Inspector classifications and positions**, and give removed employees the opportunity to accept reinstatement to those positions without loss of seniority and any other employment benefit and be made whole. This the Employer has not done.

Id. at 3-4 (emphasis supplied).

In light of the above, the Union renews its previously filed motion and supporting memorandum of law requesting that this Court find the Company in contempt for its failure to comply with the June 29, 2006 enforcement Order. The Union submits that the remedies it has requested as part of its previously filed contempt motion should be granted without further delay. See Plaintiff's Memorandum of Law in Support of a Contempt Finding Against Defendant and Request for Remedies for Failure to Comply with Arbitration Award, at 21-25.[1]

---

[1] Four more weeks have passed since the Union submitted its memorandum of law in support of a contempt finding. Therefore the monetary amount sought by the Union for the failure of the Company to return the bargaining unit work to the bargaining unit should be increased by an additional $177,676.80. This amount is arrived at based upon a determination of how many hours would be worked by individuals in the 28 Inspector positions over the course of 4 weeks (40 hours per week x 4 weeks x $26.44/hour x 28 positions). Because the Company did not reinstate the 28 Inspector positions, the Inspector work that Arbitrator Arrigo directed to be returned to the bargaining unit would have had to have been done by the remaining bargaining unit members on an overtime basis - which pays at a rate of one and one half times the regular hourly rate. Thus, 4 weeks of straight time Inspector work would generate wages of $118,451.20. At time and one half this amount grows to $177,676.80.

Finally, because the Union has expended significant amounts in attorney's fees since the issuance of the Court's August 15, 2006 Order granting the Union's application for attorney's fees, the Union renews its request that this Court's contempt award allow the Union to submit a supplemental application for fees and costs to document the amounts to which it is entitled in its ongoing effort to obtain compliance with the Arbitration Award.

Respectfully submitted,

_____/s/_____
Mark J. Murphy, Bar No. 453060
Marc L. Wilhite
Mooney, Green, Baker & Saindon, P.C.
1920 L Street, N.W., Suite 400
Washington, DC 20036
(202) 783-0010
(202) 783-6088 - fax

Counsel for Teamsters Local Union No.96

Date:   October 19, 2006