IN THE MATTER OF
THE ARBITRATION BETWEEN

| | |
|---|---|
| TEAMSTERS LOCAL UNION NO. 96, )<br>)<br>Union )<br>and )<br>)<br>WASHINGTON GAS LIGHT COMPANY, )<br>)<br>Employer )<br>) | Grievance No. 2005-10<br>(Elimination of Inspector<br>Classifications) |

## SUPPLEMENTAL DECISION

In a Memorandum Opinion and Order of September 25, 2006, as amended by Minute Order of September 29, 2006, the United States District Court for the District of Columbia, in Civil Action No. 06-CV-0928 (ESH), a case involving the captioned parties, the Court remanded to me the sole question of determining whether Washington Gas has complied with my decision and award of December 31, 2005, "and if not, why not."

By order dated October 2, 2006, I informed the parties that I had before me the Court's Order of June 29, 2006, a Memorandum of Law dated September 14, 2006, with attachments, filed with the Court by Washington Gas and a Memorandum of Law dated September 19, 2006, filed with the Court by the Union. In my Order I gave the parties until October 12, 2006, to supplement their memoranda noted above. The parties filed supplemental statements, with the Union attaching an exhibit to its submission. I have now reviewed the record before me and issue the following Supplemental Decision.

My award of December 31, 2005, provided:
" 1.    The Employer did not violate Article VI, section 13 of the CBA by its elimination of Inspector classifications.

2.    The Employer violated Article XV of the CBA by transferring the work of Inspectors to supervisory personnel on February 9, 2005, and at all times thereafter.

3.    The Employer shall reverse its decision eliminating Inspector classifications and offer to all employees removed from the Inspector classifications the opportunity to accept reinstatement to their previous Inspector positions without loss of seniority or any other employee benefit and be made whole.

1

    4.    The Employer shall cease diverting traditional Inspector work to supervisory positions and return the traditional Inspector work to Inspectors.

    5.    The Union's request for monetary damages is denied."

Thus, Washington Gas was specifically required to take affirmative action and, <u>inter alia</u>, "reverse its decision eliminating Inspector classifications," which is tantamount to re-establishing the Inspector position descriptions and re-establishing twenty-eight (28) Inspector positions "and return the traditional Inspector work to Inspectors." At that point each prior Inspector would have a position to which the employee could make application and accept if so desired. In other words, the award envisioned restoring the employment situation to the conditions that were in existence before the Employer impermissibly eliminated the Inspector classifications by transferring the work to supervisory personnel.

Washington Gas suggests that compliance with my award of December 31, 2005, is accomplished by the following "Implementation Plan.":

"1.    As directed by the Award, WG will re-establish the two former Inspector classifications:

    (a) Inspector Contractor Work; and
    (b) Inspector Pre-Installation

WG will, consistent with the conclusion in the Award, exercise in the future the exclusive and unrestricted right under Article V and Article VI, Section 13 to eliminate both of these classifications and/or reduce the number of positions under each classification to as few as one (1) position.

2.    WG will offer reinstatement to the 28 individuals who were employed in former Inspector classifications on February 9, 2005. This offer of reinstatement to retirees is subject to any limitations and conditions set forth in the applicable federal, state and municipal retirement laws.

3.    WG will establish one (1) position under the classification "Inspector-Contractor Work" based upon the determination that the task of "Do a random check of patches (one year old) to see how the area is holding up" is the only task that had been regularly and traditionally performed under the Inspector classifications that is currently being performed by a supervisory position. The other non-shared tasks have been assigned- to non-supervisory positions and/or "outsourced" in compliance with Article V and Article XXIII of the collective bargaining agreement.

4.    WG will select the one candidate for the available Inspector-Contractor Work position based upon the seniority ranking of all of the former Inspectors who accept the offer of reinstatement to their former classification.

5. Those candidates who accept the offer of reinstatement, but who are not selected, may exercise their "bumping rights" under Article VI, Section 13 or remain in their current status.

6. The former Inspectors will be given the option of waiving the offer reinstatement to their former Inspector classification based upon acceptance of the following monetary offer:

   (a) Each former Inspector who accepted promotion to a management position will receive $500 as consideration for their executing a waiver of reinstatement to their former Inspector classification.

   (b) Each former Inspector who voluntarily retired will receive $750 as consideration for their executing a waiver of reinstatement to their former Inspector classification.

   (c) Each former Inspector who was transferred to another bargaining unit position will receive $1,250 as consideration for their executing a waiver of reinstatement to their former Inspector classification."

As I read it, the "Implementation Plan" essentially provides that while stating in paragraph 1 that Washington Gas will re-establish the Inspection classifications and stating in paragraph 2 that it will offer reinstatement to the 28 former Inspectors, the Employer does not in fact re-create or have a position for each of the 28 former Inspectors. Rather, those employees who "accept the offer of reinstatement to their former classification" become the pool of employees from which one (1) employee will be selected for the one (1) newly established position under the classification Inspector-Contractor Work, the only Inspector position available to the former Inspectors.

Clearly the Employer's "Implementation Plan" does not comply with my arbitration award. The Plan, while giving lip-service that it is re-establishing the Inspector classifications and offering reinstatement to 28 former Inspectors, miraculously results in one (1) position for one (1) former Inspector. Before the Employer's impermissible elimination of the Inspector classifications by transferring the work to supervisory personnel, there were 28 positions, and under the "Implementation Plan" there is one (1) position. This is not compliance with my award. It is merely a phantom re-establishment of the Inspector classifications and offer of reinstatement.

If the Employer wishes to eliminate Inspector classifications at some time after actually restoring the classifications and positions and offering removed employees an opportunity to accept other positions, that is not a matter which is properly before me. I am solely concerned with the issue of whether the Employer's actions constitute compliance with my decision and award. Future Employer action, after compliance with my award ,which Washington Gas may or may not envision, and any contractual or legal obligations which might arise from such action, was not a part of my original decision nor a concern of this supplemental decision.

As stated above, to comply with my decision and award the Employer is required to actually re-establish the Inspector classifications and the 28 Inspector positions with traditional Inspector work within those classifications as they existed prior to the February 9, 2005, elimination of the Inspector classifications and positions, and give removed employees the opportunity to accept reinstatement to those positions without loss of seniority and any other employment benefit and be made whole. This the Employer has not done.

Accordingly I conclude the Employer has not complied with my decision and award of December 31, 2005.

_October 19, 2006_
Dated

_Salvatore_
Salvatore J. Arrigo
Arbitrator