IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TEAMSTERS LOCAL UNION NO. 96**,<br><br>**Plaintiff,**<br><br>v.<br><br>**WASHINGTON GAS LIGHT COMPANY,**<br><br>**Defendant.** | Case No. 06-CV-0928 (ESH) |

**PLAINTIFF'S REPLY IN SUPPORT OF**
**NOTICE REGARDING REMAND PROCEEDINGS**

Plaintiff Teamsters Local Union No. 96 hereby submits this reply brief in support of its recently filed notice regarding remand proceedings. In response to the notice of remand proceedings, the Company continues to insist that it should not be held in contempt for its failure to comply with the Court's June 29, 2006 Order confirming and enforcing a December, 2005 Arbitration Award. The Company also claims that the Union is not entitled to the relief it has requested as a result of the Company's ongoing refusal to comply with this Court's enforcement Order and the underlying Arbitration Award - which was issued exactly 10 months ago. For the reasons set forth below, as well as those previously relied on by the Union in these contempt proceedings, the Company's continued intransigence should not be tolerated, nor should its efforts to avoid this Court's June 29th enforcement Order.

In the first instance, the Union submits that despite the fact that Arbitrator Arrigo issued his decision 12 days ago, the Company has not contacted the Union to discuss how it intends to restore to the bargaining unit work that was being performed by 28 full time positions prior to its

improper elimination of the Inspector classifications. In the face of this utter silence, the Company's suggestion that it has acted in good faith should be rejected.

Likewise, the Company's claim that it made a good faith effort to comply with the Court's June 29th Order simply does not square with reality. After the Court issued its June 29th Order, the Company immediately sought a stay of enforcement from both this Court and the Court of Appeals. In so doing, the Company suggested that compliance with the June 29th Order and underlying Arbitration Award would be exceedingly difficult and complex; and would impact its operations to such a degree that it would suffer irreparable harm if it were required to comply with the terms of the Award and the June 29th enforcement Order. After its request for injunctive relief was twice denied and on the eve of a scheduled contempt hearing, the Company conveniently reached the conclusion that compliance with the Court's enforcement Order and underlying Arbitration Award required nothing more than re-establishing one bargaining unit position to perform one isolated task. Rather than demonstrating good faith, Arbitrator Arrigo recognized the Company's conduct for what it was - nothing more than "lip-service" to its obligations under the Arbitration Award that does not result in compliance but rather only a "phantom re-establishment of the Inspector classifications and offer of reinstatement." See Supplemental Decision at 3.

The Company also suggests its good faith is demonstrated by the internal meetings it conducted **after** the Court's June 29th Order during which it reviewed the Arbitrator's Award and analyzed how it could be "practically and legally implemented." See Washington Gas Response to Notice Regarding Remand Proceedings, at 2. The Company is wrong. The fact that these internal compliance meetings did not took place until six months after the Arbitration Award was

issued should preclude the Company from relying on these meetings to demonstrate it acted in good faith. This is particularly true given the fact that these internal meetings resulted in the Company's "Implementation Plan" which initially raised "grave concerns" with the Court (see September 25, 2006 Order) and has now been deemed by the Arbitrator to amount to nothing more than "phantom" compliance.

In an effort to avoid a finding of contempt, the Company again resorts to an attack on the Court's June 29th Order - suggesting that because that Order did not tell the Company when it needed to comply with the Arbitration Award it should not be held in contempt. See Washington Gas Response to Notice Regarding Remand Proceedings, at 3. At the time the Court issued its June 29th enforcement Order, the underlying Arbitration Award was nearly six months old. As such, it strains reason for the Company to suggest that the Court did not anticipate that its Order would be met with immediate compliance.

Moreover, because the Arbitration Award had been issued in December, 2005, the Company had plenty of time to determine what it needed to do in order to comply. There is no legitimate reason to justify the Company's refusal to conduct such an evaluation until faced with the Court's June 29th enforcement Order. As such, the Company's claim that it should have been afforded a "reasonable time within which to comply" after the June 29th Order should be rejected. The Company had six months to deal with this contingency but choose, instead, to do nothing.[1]

---

[1] Also, if the Company truly believed that the Court's June 29th Order was ambiguous because it did not contain an explicit deadline for compliance, it had numerous opportunities to bring this to the court's attention - including as part of its motion to stay enforcement of the Order. At the very least, the Company could have filed a motion seeking to clarify the time it had to comply with the Court's June 29th Order. Indeed, the Company filed a similar motion seeking clarification of the Court's subsequent remand Order. As such, the Company no doubt was aware that it had this option if it legitimately viewed the June 29th Order as ambiguous.

The Union submits that the two cases relied on by the Company in its effort to blame the Court for the lack of a deadline in its June 29th Order are easily distinguished. First, neither Joshi v. Professional Health Services, Inc., 606 F. Supp. 302 (D.D.C. 1985), nor Broderick v. Donaldson 338 F. Supp.2d 30 (D.D.C. 2004) involve a court order enforcing an arbitration award. Rather, both these cases involve convoluted individual, employment discrimination claims. Also, while the court in Joshi determined that a two month delay by the Employer in signing an employment contract did not warrant a contempt finding, it noted that the Employer paid the Employee her salary for the time period covering the delayed signing. See Joshi, 606 F.Supp. at 306, n.1. In Broderick, the court determined that a contempt finding was not appropriate because the applicable order contained a necessary contingency that had not been established by the party seeking contempt. See Broderick, 338 F. Supp.2d at 47.

Here, unlike in Joshi, the Company has not offered to make the Union whole for the damages it has suffered as a result of noncompliance with the Arbitration Award.[2] Similarly, in

---

[2]In his Supplemental Decision, Arbitrator Arrigo conclusively states that compliance with his December, 2005 Award requires Washington Gas "to actually re-establish the Inspector classifications and the 28 Inspector positions with traditional Inspector work within those classifications as they existed prior to the February 9, 2005, elimination of the Inspector classification and positions . . . " See Supplemental Decision at 4. By so ruling, Arbitrator Arrigo recognizes that the Union and its bargaining unit are entitled to the Inspector work that was improperly removed by the Company.

As previously explained, because the Company failed to return the Inspector work to the bargaining unit, the Court should order the Company to compensate the Union for the wages that members of its bargaining unit would have earned for the intervening time period from the date of the Court's Order to the present. The Company's decision diluted the Union's bargaining unit by 28 full time positions. The remedies previously requested place the Union and its bargaining unit back in the position they were in prior to the Company's unlawful decision to eliminate the Inspector classifications. See Plaintiff's Memorandum of Law in Support of a Contempt Finding Against Defendant and Request for Remedies for Failure to Comply with Arbitration Award, at 21-26.

contrast to the court order at issue in <u>Broderick</u>, the June 29th enforcement Order did not require the Union to satisfy a certain contingency prior to obtaining compliance from the Company.

                                    Respectfully submitted,

                                    _____/s/_____
                                    Mark J. Murphy, Bar No. 453060
                                    Marc L. Wilhite
                                    Mooney, Green, Baker & Saindon, P.C.
                                    1920 L Street, N.W., Suite 400
                                    Washington, DC 20036
                                    (202) 783-0010
                                    (202) 783-6088 - fax

                                    Counsel for Teamsters Local Union No.96

Date:   October 31, 2006