UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TEAMSTERS LOCAL UNION NO. 96,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-CV-0928 (ESH) |
| **WASHINGTON GAS LIGHT COMPANY,** | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

The issue before the Court is whether defendant Washington Gas Light Company should be held in contempt for failing to comply with the Court's June 29, 2006 Order confirming an arbitration award that granted relief to plaintiff Teamsters Local Union No. 96. Upon considering the pleadings and the entire record herein and for the reasons set forth below, the Court declines to hold the defendant in contempt.

### BACKGROUND

Following a hearing on June 29, 2006, this Court issued an Order granting plaintiff's motion for summary judgment and application to confirm and enforce the arbitration award that had been issued by Arbitrator Salvatore J. Arrigo on December 31, 2005. In that award, the arbitrator found that defendant had violated Article XV of its collective bargaining agreement with plaintiff "by transferring the work of Inspectors to supervisory personnel on February 9, 2005, and at all times thereafter," and directed the defendant (1) to "reverse its decision

1

eliminating Inspector classifications and offer to all employees removed from the Inspector classifications the opportunity to accept reinstatement to their previous Inspector positions without loss of seniority or any other employee benefit and be made whole," and (2) to "cease diverting traditional Inspector work to supervisory positions and return the traditional Inspector work to Inspectors." (Dec. 31, 2005 Arbitration Decision at 22.)

Three weeks later, in the face of what appeared to be total noncompliance by defendant, plaintiff moved for an order to show cause why defendant should not be held in contempt for failing to comply with the Court's June 29 Order. The Court granted the motion and issued an Order to Show Cause the next day, on July 21, 2006. Defendant filed a response to the Order to Show Cause on July 28, 2006. That same day, defendant also filed a notice of appeal from the Court's June 29, 2006 Order and a motion to stay execution of that Order pending appeal. The Court denied defendant's stay motion and set the matter for a contempt hearing on September 7, 2006, unless a stay was obtained from the D.C. Circuit by August 31, 2006.[1] Defendant subsequently informed the Court, in a conference call on the date of the scheduled hearing, that it had complied with the arbitration award by instituting an "Implementation Plan."[2] Thereafter,

---

[1] The D.C. Circuit denied defendant's request for a stay pending appeal on August 30, 2006.

[2] In its Implementation Plan, defendant proposed to re-establish the two Inspector classifications it had previously eliminated and to offer reinstatement to the twenty-eight individuals who had been employed in the Inspector classifications at the time they were eliminated. (Supplemental Aff. of Stephen Savage ("Savage Supp. Aff."), Ex. 1.) However, based on defendant's determinations that "only a small piece of the former Inspectors' job duties and responsibilities was now being performed by management employees" and that this "limited amount of work would support only one position in the Inspector classification," defendant proposed to establish only one Inspector position. (*Id.* ¶ 14 & Ex. 1.) That position, moreover, was to be limited to the one task that defendants concluded had been diverted to management. (*Id.*) Defendant mailed the Implementation Plan to twenty-six of the twenty-eight former

the Court ordered further briefing regarding whether defendant had, in fact, complied and whether an order of contempt was appropriate. For the reasons set forth in its September 25, 2006 Memorandum Opinion and Order, the Court felt constrained to remand the matter to the arbitrator to determine whether defendant's Implementation Plan met the requirements of the award, while reserving judgment on the issue of contempt. *Teamsters Local Union No. 96 v. Washington Gas Light Co.*, No. 06-928, 2006 WL 2726733, *1-2 (D.D.C. Sept. 25, 2006).

In a Supplemental Decision dated October 19, 2006, the arbitrator found that defendant's Implementation Plan did not comply with the December 31, 2005 award:

> The Plan, while giving lip-service that it is re-establishing the Inspector classifications and offering reinstatement to 28 former Inspectors, miraculously results in one (1) position for one (1) former Inspector. Before the Employer's impermissible elimination of the Inspector classifications by transferring the work to supervisory personnel, there were 28 positions, and under the "Implementation Plan" there is one (1) position. This is not compliance with my award. It is merely a phantom re-establishment of the Inspector classifications and offer of reinstatement.

(Oct. 19, 2006 Supplemental Decision at 3.) Plaintiff thereafter renewed its motion for contempt in a notice regarding remand proceedings filed the next day. Defendant filed a response on October 30, 2006, promising to "re-establish all of the eliminated Inspector positions . . . with traditional Inspector work" in compliance with the arbitrator's Supplemental Decision (Def.'s Resp. to Notice Regarding Remand Proceedings at 2), and plaintiff filed a reply.

## ANALYSIS

"'[T]he judicial contempt power is a potent weapon'" that courts rightly impose with caution. *Joshi v. Prof'l Health Servs., Inc.*, 817 F.2d 877, 879 n.2 (D.C. Cir. 1987) (quoting *Int'l*

---

Inspectors on September 7, 2006. (*Id.* ¶ 16.) (Of the two remaining individuals, one was deceased and the other had been discharged for cause. (*Id.*))

*Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1976)).  To justify a finding of civil contempt, the party seeking contempt must demonstrate that "'the putative contemnor has violated an order that is clear and unambiguous.'"  *Armstrong v. Executive Office of the President*, 1 F.3d 1274, 1289 (D.C. Cir. 1993) (quoting *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir. 1991)); *see also Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1016 (D.C. Cir. 1997).  The violation must be proved by clear and convincing evidence, *id.*, and ambiguities in the underlying order should be resolved in favor of the alleged contemnor.  *See Common Cause v. Nuclear Regulatory Comm'n*, 674 F.2d 921, 927-28 & n.13 (D.C. Cir. 1982).

Defendant argues that it should not be held in contempt because the Court's June 29, 2006 Order was not reasonably clear as to the time frame for compliance and because it made good faith efforts to comply with, and has substantially complied with, the underlying arbitration award.  (Def.'s Resp. to Notice Regarding Remand Proceedings at 2-3.)  Because the Court agrees that the June 29, 2006 Order and the arbitration award that it confirmed were not sufficiently "clear and unambiguous" to support a contempt finding, it declines to hold defendant in contempt.

First, as defendant notes and as the Court previously acknowledged in its Memorandum Opinion and Order remanding the matter to the arbitrator, the June 29, 2006 Order failed to specify a date certain for compliance.  Although defendant had an obligation to comply with that Order in a reasonably prompt manner, having failed to obtain a stay from this Court or from the D.C. Circuit, *see, e.g.*, *Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("absent a stay, [a person to whom a court directs an order] must comply promptly with the order pending appeal"); *M.R.S.*

*Enters., Inc. v. Sheet Metal Workers' Int'l Ass'n, Local 40*, No. 05-1823, 2006 WL 2734270, *8 (D.D.C. Aug. 22, 2006) (same), the relief contemplated by the underlying arbitration award may well have been sufficiently complex that it could reasonably have been expected to take a period of time to implement. Moreover, defendant instituted an Implementation Plan on September 7, 2006, approximately ten weeks after the Court's Order. (*See* Savage Supp. Aff. ¶ 16 & Ex. 1.) Given these circumstances, the Court cannot conclude that the approximately ten-week delay between the date the Order was issued and the date defendant instituted its Implementation Plan was contemptuous. *See Joshi*, 817 F.2d at 879 (defendant's two-month delay in signing contract held not to be contemptuous where order "neither specified a date by which the contract was to be executed nor required that it be executed promptly").[3/]

    Second, although the arbitrator ultimately determined that defendant's Implementation Plan did not comply with the arbitration award, the award itself was not unambiguous as to what, exactly, defendant was required to do. Defendant interpreted the arbitration award to require it to reestablish Inspector positions to perform only that work that, since the elimination of those positions, was being performed by management, rather than to reestablish the Inspector positions as they existed at the time that defendant had eliminated them. This interpretation was

---

[3/]Nor is this a situation in which defendant made no effort to comply with the Court's Order during the pendency of its appeal. (*See* Savage Supp. Aff. ¶¶ 3-16 (describing defendant's efforts to analyze and implement arbitration award following issuance of June 29, 2006 Order); Supplemental Aff. of Tracy L. Townsend ¶¶ 8-18 (same).)

    Plaintiff objects that because the arbitration award was issued on December 31, 2005, six months before the Court granted plaintiff's motion to confirm and enforce the award, defendant should have been prepared to comply immediately. (Pl.'s Reply in Support of Notice Regarding Remand Proceedings at 3.) But, even if one could argue that defendant should have been prepared to comply more promptly, the Court cannot say that defendant's delay in putting its Implementation Plan into effect was contemptuous.

determined by the arbitrator to be incorrect, but the Court cannot conclude that it was so clearly wrong as to support a finding of contempt. Indeed, after reviewing the arbitration award and the parties' pleadings addressing whether the Implementation Plan complied with the award, the Court observed that it could not "conclude with any confidence that defendant's Implementation Plan clearly falls short of satisfying the award's requirements." *Teamsters Local Union No. 96*, 2006 WL 2726733, at *1. Thus, the Court declines to hold defendant in contempt based on the inadequacy of its Implementation Plan.[4/]

The Court notes that, whatever ambiguities may have existed in the original arbitration award, the arbitrator has now clarified that

> to comply with my decision and award the Employer is required to actually re-establish the Inspector classifications and the 28 Inspector positions with traditional Inspector work within those classifications as they existed prior to the February 9, 2005, elimination of the Inspector classifications and positions, and give removed employees the opportunity to accept reinstatement to those positions without loss of seniority and any other employment benefit and be made whole.

(Oct. 19, 2006 Supplemental Decision at 4.) Since the issuance of the arbitrator's Supplemental Decision, defendant has pledged that it will comply, promising to "re-establish all of the eliminated Inspector positions, [and both Inspector classifications], with traditional Inspector work." (Def.'s Resp. to Notice Regarding Remand Proceedings at 2.) The Court is unaware of any further difficulties in terms of the implementation of the arbitrator's award. Therefore, the Court will discharge the Order to Show Cause and deny plaintiff's request for contempt, as well

---

[4/]Because the Court holds that the June 29, 2006 Order and the underlying arbitration award it enforced were insufficiently "clear and unambiguous" to support a finding of contempt, the Court need not address defendant's alternative argument based on good faith substantial compliance.

as its request for an award of attorneys' fees as a contempt sanction.

**SO ORDERED.**

/s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: December 26, 2006