IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TEAMSTERS LOCAL UNION NO. 96 ,**<br><br>                  **Plaintiff,**<br>       v.<br><br>**WASHINGTON GAS LIGHT COMPANY,**<br><br>                  **Defendant.** | Case No. 06-CV-0928 (ESH) |

**MOTION FOR RECONSIDERATION**

      Plaintiff Teamsters Local Union No. 96 ("Union"), pursuant to Federal Rule of Civil Procedure 59, hereby moves for reconsideration of the Court's December 26, 2006 Memorandum Opinion and Order declining to hold Defendant Washington Gas Light Company in contempt for failure to comply with the Court's June 29, 2006 Order confirming an arbitration award that granted relief to the Union.  For the reasons set forth below, the Union submits that compliance with the Court's June 29th Order and underlying arbitration award has been ignored.  Therefore, the Court should reconsider its most recent Order of December 26, 2006.

      As the Court noted in its December 26th Opinion and Order, since the October 19, 2006 Supplemental Decision issued by Arbitrator Arrigo it has been clear what the Company needed to do in order to comply with his December 31, 2005 Arbitration Award.  Arbitrator Arrigo stated, in no uncertain terms, that

> to comply with my decision and award the Employer is required to **actually re-establish the Inspector classifications and the 28 Inspector positions with traditional Inspector work within those classifications as they existed prior to the February 9, 2005, elimination of the Inspector classifications and positions**, and give removed employees the opportunity to accept reinstatement to those positions without loss of seniority and any

> other employment benefit and be made whole.  This the Employer
> has not done.

See Supplemental Decision, at 3-4 (emphasis supplied).

The Court's denial of the Union's request for contempt was based on the factual assumption that - after Arbitrator Arrigo's Supplemental Decision - the Company had complied with the Court's June 29th Order and, consequently, the underlying arbitration award.  Indeed, in denying the Union's request to hold the Company in contempt and impose appropriate sanctions, the Court stated that "[s]ince the issuance of the arbitrator's Supplemental Decision, defendant has pledged that it will comply, promising to 're-establish all the eliminated Inspector positions, [and both Inspector classifications], with traditional Inspector work.'"  See December 26, 2006 Order, at 6. The Court also reasoned that a contempt remedy was unnecessary because it "is unaware of any further difficulties in terms of the implementation of the arbitrator's award."  Id.

Despite the affirmative pledge and unequivocal promise made to the Court by the Company, it has not complied with the Arbitration Award.  See Affidavit of Michael Hampton, at ¶ 4, attached as Exhibit 1.  To this day, the eliminated Inspector positions remain unfilled and the bargaining unit work performed by individuals in these positions has not been returned.  Id.  Thus, contrary to the factual premise relied on by the Court in denying the Union's request for contempt, the Company has not implemented the terms of the arbitrator's award.  Accordingly, the Union respectfully requests that the Court reconsider its December 26, 2006 Opinion and Order and hold the Company in contempt for its ongoing failure to comply with the June 29, 2006 Order and the underlying arbitration award.[1]  The Union further requests that it be granted

---

[1] The Court suggests that the Company had taken certain steps to implement the Arbitration Award.  See December 26, 2006 Opinion and Order, at 2, n.2.  The Union notes,

an award of attorneys' fees based upon its continued efforts to secure compliance from the Company.

One of the main purposes of Rule 59 is to allow a court to amend or alter its rulings in order to "prevent manifest injustice." See e.g. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The Union can imagine no greater injustice in the context of labor arbitrations than to allow a Company to suggest that it is in compliance, while simultaneously refusing to abide by an arbitration award that is now more than one year old. That is precisely what is occurring in this case. Despite its efforts and the many filings submitted to this Court, the Union is no closer to securing the bargaining unit work and the 28 positions that Arbitrator Arrigo directed to be restored by the Company in his December 31, 2005 Arbitration Award. The Union respectfully requests that the Court refuse to indulge the Company's hypocrisy. Based upon the current factual circumstances, the Company should be held in contempt.

---

however, that by circumventing the Union and presenting what it claim to be an "Implementation Plan" directly to members, the Company committed an unfair labor practice. The National Labor Relations Board has recently issued a Complaint based upon this very conduct. See Complaint and Notice of Hearing, attached as Exhibit 2. Thus, such conduct cannot be viewed by the Court as a proper or legitimate attempt by the Company to satisfy the requirements of the Arbitration Award. Moreover, in addition to being an unfair labor practice, the Court properly noted that Arbitrator Arrigo characterized the Company's direct dealing with former Inspectors as "a phantom re-establishment of the Inspector classifications" which merely paid "lip-service" to the requirements of December 31, 2005 Arbitration Award. See December 26, 2006 Opinion and Order, at 3.

        Respectfully submitted,

        _____/s/_____

        Mark J. Murphy, Bar No. 453060
        Marc L. Wilhite
        Mooney, Green, Baker & Saindon, P.C.
        1920 L Street, N.W., Suite 400
        Washington, DC 20036
        (202) 783-0010
        (202) 783-6088 - fax

        Counsel for Teamsters Local Union No.96

Date:   January 4, 2007