UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 5

WASHINGTON GAS LIGHT COMPANY

And                                                                        Case 5-CA-33230

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL UNION NO. 96

## COMPLAINT AND NOTICE OF HEARING

International Brotherhood of Teamsters, Local Union No. 96, herein called the Charging

Party or Union, has charged that Washington Gas Light Company, herein called Respondent, has been

engaging in unfair labor practices as set forth in the National Labor Relations Act, 29 U.S.C. § 151, et

seq., herein called the Act.  Based thereon, the General Counsel, by the undersigned, pursuant to

Section 10(b) of the Act and Section 102.15 of the Rules and Regulations of the National Labor Relations

Board, herein called the Board, issues this Complaint and Notice of Hearing and alleges as follows:

1.  The charge in this proceeding was filed by the Charging Party on September 13, 2006,

and a copy was served on Respondent by mail on the same date.

2.  (a)  At all material times, Respondent, a Virginia corporation with an office and place

of business in Washington, DC, has been engaged as a public utility in the generation and distribution of

natural gas products and related services to commercial and residential customers.

(b)  During the preceding twelve months, a representative period, Respondent, in

conducting its business operations described above in paragraph 2(a), derived gross revenues in excess of

$250,000.

(c)  During the same period of time, Respondent, in conducting its business operations

described above in paragraph 2(a), sold and shipped from its Washington, DC facility goods valued in

excess of $5,000 directly to points located outside the District of Columbia.

(d)  At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

3.  At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

4.  At all material times, Mark J. Krusec held the position of Respondent's Director, Human Resources, and has been a supervisor of Respondent within the meaning of Section 2(11) of the Act and an agent of Respondent within the meaning of Section 2(13) of the Act.

5.  The following employees of Respondent, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All hourly-rated employees of the Employer at all its locations in and near Washington, DC, including acting foremen; but excluding office clerical employees, guards, professional employees and supervisors as defined in Section 2 of the National Labor Relations Act.

6.  At all material times, the Union has been the designated exclusive, collective-bargaining representative of the Unit and has been recognized as the representative by Respondent. This recognition has been embodied in successive collective-bargaining agreements, the most recent of which is effective from June 2, 2004 through June 1, 2007.

7.  At all material times, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

8.  (a)  On or about September 6, 2006, Respondent, by Mark J. Krusec sent to all affected bargaining unit employees, the letter made part of this Complaint and Notice of Hearing as Attachment A.

(b)  Attachment A was sent to all affected bargaining unit employees without prior discussion with the Union.

- 2 -

(c)  By the acts and conduct described in paragraphs 8(a) and 8(b), Respondent bypassed the union and dealt directly with its employees in the unit on an issue that is a mandatory topic of bargaining.

9.  By the conduct described above in paragraph 8, Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees within the meaning of Section 8(d) of the Act in violation of Section 8(a)(1) and (5) of the Act.

10.  The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint.  The answer must be **received by this office on or before January 4, 2007**, **or postmarked on or before January 3, 2007**.  Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically by using the E-Filing system on the Agency's website.  In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on **E-Gov**, then click on the **E-Filing** link on the pull-down menu.  Click on the "File Documents" button under "Regional, Subregional and Resident Offices" and then follow the directions.  The responsibility for the receipt and usability of the answer rests exclusively upon the sender.  A failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason.  When an answer is filed electronically, an original and four paper copies must be sent to this office so that it is received no later

- 3 -

than three business days after the date of electronic filing.  Service of the answer on each of the other

parties must still be accomplished by means allowed under the Board's Rules and Regulations.  The

answer may <u>not</u> be filed by facsimile transmission.  If no answer is filed, the Board may find pursuant to a

Motion for Default Judgment, that the allegations in the complaint are true.

## <u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE that commencing at 10:00 a.m., E.D.T., on the 5th day of

March 2007, at Hearing Room 5600 East, 1099 14th Street, NW, Washington, DC, and on consecutive

days thereafter until concluded, a hearing will be conducted before an administrative law judge of the

National Labor Relations Board.  At the hearing, Respondent and any other party to this proceeding have

the right to appear and present testimony regarding the allegations in this complaint.  The procedures to

be followed at the hearing are described in the attached Form NLRB-4668.  The procedure to request a

postponement of the hearing is described in the attached Form NLRB-4338.

Dated at Baltimore, Maryland this 21st day of December 2006.

(SEAL)                                        WAYNE R. GOLD

                                        Wayne R. Gold, Regional Director
                                        National Labor Relations Board, Region 5
                                        103 South Gay Street, 8th Floor
                                        Baltimore, Maryland  21202

Attachments

 **Washington Gas**

6801 Industrial Road
Springfield, Virginia 22151

September 6, 2006

Dear

In February 2005, Washington Gas eliminated two job classifications within the Teamster's Local 96 collective bargaining unit. Our records reflect that you were employed in one of those positions at that time. An arbitrator determined that while the Company had the unilateral right to eliminate the positions, it could not do so by allowing management employees to perform the functions of those positions.

Washington Gas is in the process of implementing the arbitrator's decision. Attached you will find the Implementation Plan. **Please carefully review** and provide us with your choice either to be reinstated to the classification, or to give up your right to be reinstated in exchange for monetary compensation.

Please return a copy of your completed form to Mark J. Krusec, Director, Human Resources, 6801 Industrial Road, Springfield, VA 22151, not later than September 22, 2006.

**PLEASE READ, CHECK THE APPROPRIATE BOXES AND SIGN BELOW**

I, _____, was in the position of Inspector Contractor Work or Inspector Pre-Installation, on or about February 9, 2005. **Since that time** (check one box):

☐ I have been promoted to a management position;

☐ I have retired from Washington Gas; **OR**

☐ I have remained in a position within the bargaining unit.

Attachment A

**At this time (check one box):**

☐ I want to return to my former job classification: **OR**

☐ I have decided not to return to my former job classification and I accept the monetary compensation offered to me as a result of my current position or status.

Please sign and date below.

BY: _____    DATE:_____

Sincerely,

Mark J. Krusec
Director, Human Resources

FORM NLRB-4668
(4-05)                                                                                                              (C CASES)

# SUMMARY OF STANDARD PROCEDURES IN FORMAL HEARINGS HELD BEFORE THE NATIONAL LABOR RELATIONS BOARD IN UNFAIR LABOR PRACTICE PROCEEDINGS PURSUANT TO SECTION 10 OF THE NATIONAL LABOR RELATIONS ACT

The hearing will be conducted by an administrative law judge of the National Labor Relations Board who will preside at the hearing as an independent, impartial finder of the facts and applicable law whose decision in due time will be served on the parties. The offices of the administrative law judges are located in Washington, DC; San Francisco, California; New York, N.Y.; and Atlanta, Georgia.

At the date, hour, and place for which the hearing is set, the administrative law judge, upon the joint request of the parties, will conduct a "prehearing" conference, prior to or shortly after the opening of the hearing, to ensure that the issues are sharp and clearcut; or the administrative law judge may independently conduct such a conference. The administrative law judge will preside at such conference, but may, if the occasion arises, permit the parties to engage in private discussions. The conference will not necessarily be recorded, but it may well be that the labors of the conference will be evinced in the ultimate record, for example, in the form of statements of position, stipulations, and concessions. Except under unusual circumstances, the administrative law judge conducting the prehearing conference will be the one who will conduct the hearing; and it is expected that the formal hearing will commence or be resumed immediately upon completion of the prehearing conference. No prejudice will result to any party unwilling to participate in or make stipulations or concessions during any prehearing conference.

*(This is not to be construed as preventing the parties from meeting earlier for similar purposes. To the contrary, the parties are encouraged to meet prior to the time set for hearing in an effort to narrow the issues.)*

Parties may be represented by an attorney or other representative and present evidence relevant to the issues. All parties appearing before this hearing who have or whose witnesses have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603, and who in order to participate in this hearing need appropriate auxiliary aids, as defined in 29 C.F.R. 100.603, should notify the Regional Director as soon as possible and request the necessary assistance.

An official reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation. Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the administrative law judge for approval.

All matter that is spoken in the hearing room while the hearing is in session will be recorded by the official reporter unless the administrative law judge specifically directs off-the-record discussion. In the event that any party wishes to make off-the-record statements, a request to go off the record should be directed to the administrative law judge and not to the official reporter.

Statements of reasons in support of motions and objections should be specific and concise. The administrative law judge will allow an automatic exception to all adverse rulings and, upon appropriate order, an objection and exception will be permitted to stand to an entire line of questioning.

All exhibits offered in evidence shall be in duplicate. Copies of exhibits should be supplied to the administrative law judge and other parties at the time the exhibits are offered in evidence. If a copy of any exhibit is not available at the time the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the administrative law judge before the close of hearing. In the event such copy is not submitted, and the filing has not been waived by the administrative law judge, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

Any party shall be entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing. In the absence of a request, the administrative law judge may ask for oral argument if, at the close of the hearing, it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

(OVER)

FORM NLRB-4338
(6-90)

## UNITED STATES GOVERNMENT
## NATIONAL LABOR RELATIONS BOARD
## NOTICE

### Case:    5-CA-33230

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties. On the contrary, it is the policy of this office to encourage voluntary adjustments. The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end. An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing.

However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated. Postponements **will not be granted** unless good and sufficient grounds are shown **and** the following requirements are met:

(1)    The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFC 102.16(a).

(2)    Grounds must be set forth in **detail;**

(3)    Alternative dates for any rescheduled hearing must be given;

(4)    The positions of all other parties must be ascertained by the requesting party and set forth in the request; **and**

(5)    Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the
date of hearing.

#### COUNSEL FOR RESPONDENT:

ROBERT L. CLAYTON, ESQ.
MINTZ, LEVIN, COHEN, FERRIS, GLOVSKY
& POPEO, P.C.
701 PENNSYLVANIA AVENUE, NW
WASHINGTON, DC  20004

#### RESPONDENT:

MR. STEPHEN SAVAGE
WASHINGTON GAS LIGHT COMPANY
6601 INDUSTRIAL DRIVE
SPRINGFIELD, VA  22151

#### COUNSEL FOR CHARGING PARTY

MR. MARK MURPHY, ESQ.
MOONEY, GREEN, BAKER & SAINDON, P.C.
1920 L STREET, NW,  SUITE 400
WASHINGTON, DC  20036

#### CHARGING PARTY:

MR. WILLIAM GIBSON
TEAMSTERS LOCAL UNION NO. 96
2120 BLADENSBURG ROAD, N.E.
WASHINGTON, DC  20018